WES MULLENS v. STATE.

*No. 1203.   Decided October 30th, 1895.*

**1.   New Trial—Absence of Counsel.**

Where, on a motion for new trial, based on absence of counsel, it was made to appear that no complaint as to such matter was made until after conviction; and, further, that the counsel did not represent him because defendant did not pay or secure his fee. Held: Why defendant should have a new trial upon such ground is not apparent.

**2.   Fact Case—Burglary to Commit Theft—Evidence of Intent.**

See facts stated in the opinion which are held sufficient to establish a burglary with intent to commit theft.

APPEAL from the District Court of Gonzales. Tried below before Hon. T. H. SPOONER.

Appellant was convicted of burglary, with intent to commit theft, and his punishment assessed at confinement in the penitentiary for three years.

The opinion states the case.

*C.   ∴ Walter*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This conviction was for burglary with intent to steal. Attached to his motion for a new trial is appellant's affidavit, in which he states that, by some misunderstanding, counsel supposed to have been employed to defend him, did not appear in his behalf, and it would seem that this failure was attributable to the fact that he did not pay or secure their fee. Nothing seems to have been said in regard to this matter until after his conviction. How this could possibly constitute a ground for a new trial is not apparent. It is insisted that the evidence is insufficient to support the conviction, because it fails to show with sufficient certainty his intent to steal when he entered the house. The alleged owner, Mrs. Hamburger, testified in this connection: "I live in the town of Waelder, and am engaged in the mercantile business —selling dry goods and groceries. I live in a room back of and adjoining my storehouse. The door leading from my room into my storehouse was locked. The key was in the door. I heard a noise in my room at the store door, which awoke me. I called Miss Tenie Pelte, who was asleep in my room, to get up and make a light; that somebody was in the house. She (Miss Tenie Pelte) got up and struck a light. Then I saw defendant lying down on the floor in my room, pretending

to be asleep. He jumped up, ran towards the window, and then went out at the door, which Miss Pelte had opened when she got up. He entered through the window, by breaking some slats fastened over it, and opening the shutters. The room I sleep in, and my store, is all the same house, only a partition between." This was at night. Miss Pelte testified: "I was asleep in Mrs. Hamburger's room the night it was broken into. She awoke me, and requested me to get up and make a light, stating that some one was in the room. I immediately got up and made a light, lighted a lamp. I found defendant lying down on the floor, as if he were asleep. He jumped up and made a break for the window. I made for the window also. He then turned and ran out of the door. It was half past two o'clock when we discovered defendant in the house. I opened the door when I got up." It is beyond dispute that the house was entered for some purpose. There is no contention that appellant was insane, or entered the house through mistake or accident, or that he had authority to do so. He had some intent in going in there. Where there is no direct evidence of intent, it may be inferred from the surrounding circumstances and facts. The entry was late at night; lights extinguished; owner asleep. It was a storehouse. The appellant was at the door of the store, making the noise which aroused the occupants; when he fled from the house without explanation of his conduct. Under such circumstances, it has been held that "it may be inferred that his purpose was to commit larceny, such being the usual intent under such circumstances." People v. Soto, 53 Cal., 415; Alexander v. State, 31 Tex. Crim. Rep., 359. The very fact of breaking and entering a house in the nighttime raises the presumption that it is done with intent to steal, says Mr. Archbold. 2 Archb. Crim. Prac. and Pl., p. 1107. His attempt to enter the store through the door leading from the room he had entered cannot be accounted for on any reasonable hypothesis except a purpose to steal. The judgment is affirmed.

*Affirmed.*