### JOHN SMITH v. THE STATE.

No. 3544.   Decided May 1, 1907.

**1.—Burglary—Circumstantial Evidence—Charge of Court.**

Where upon trial for burglary the evidence placed defendant in such juxtaposition to the offense as rendered a charge on circumstantial evidence unnecessary, there was no error in not submitting such charge.

**2.—Same—Specific Intent to Steal—Sufficiency of Evidence.**

Where upon trial for burglary, the evidence showed that the defendant could have had no other purpose in entering the burglarized room except to steal, the conviction was sustained.

Appeal from the Criminal District Court of Dallas.   Tried below before the Hon. E. B. Muse.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary and his punishment assessed at two years confinement in the penitentiary; and prosecutes this appeal.

There are no bills of exception to the admission or rejection of testimony. In appellant's motion for a new trial he complains because the court did not give a charge on circumstantial evidence. The facts developed did not render such a charge necessary. If the testimony did not show that appellant was guilty by positive evidence, unquestionably the evidence placed him in such juxtaposition to the offense as rendered a charge on circumstantial evidence unnecessary. On this point the proof showed that the proprietress of the lodging house, Mrs. Sims, who was in her room downstairs, heard some one open the front door and go upstairs into the room of the prosecutor Huey; she did not know who this party was. In about half an hour the prosecutor Huey came and knocked on the front door. Mrs. Sims met him and remarked that she thought he had already gone to his room; that she heard some one go to his room. Prosecutor then requested her to go with him to his room, which was upstairs. When they got there prosecutor found that the door had been unlocked; he then turned the bolt and went in; after striking a match appellant rushed out from under

the bed and knocked prosecutor down and escaped, but both witnesses identified appellant as the person they saw under the bed. Under this state of case a charge on circumstantial evidence was not called for.

Appellant also complains in motion for a new trial that the evidence does not sustain the verdict, in that if it be conceded an entry was made by appellant, that the specific intent to steal was not shown by the evidence. The facts on this point are meager. The prosecutor says he kept no valuables in his room, only his clothing, bedding and furniture; that he also kept a six-shooter in his room which, immediately after the burglary, he discovered was gone, but he testified that this pistol may have been taken before that night, as he did not remember to have seen it for some days prior to the burglary. What other purpose than to steal appellant had in going into the room is not suggested by any evidence, and under the authorities, as we understand them, the evidence of an intent to steal in a burglary case may be slight. See Burke v. State, 5 Texas Crim. App., 74; Alexander v. State, 31 Texas Crim. Rep., 362, and Mullens v. State, 35 Texas Crim. Rep., 149. In this case though evidence of the specific intent to steal was slight, yet we believe, under the authorities, it was sufficient.

Appellant denied being the person who entered said house. The State's case suggests that he had some familiarity with the premises; that he had formerly worked for the prosecutor Huey, and from the testimony of Huey, with regard to the missing pistol, he could have had no other purpose in entering said room except to steal. Appellant's entry may have been made with intent to conceal himself until prosecutor should return and go to bed, and then rifle his pockets of valuables. Under the proof, we believe the jury were authorized to find from the circumstances of this entry that it was with intent to steal.

There being no errors in the record, the judgment is affirmed.

*Affirmed.*