JIM WILLIAMS v. THE STATE.

No. 1526.   Decided January 31, 1912.

**1.—Burglary—Argument of Counsel.**

While it was improper in State's counsel's argument to the jury to state the reasons why he concluded to abandon the first count in the indictment charging assault with intent to rape, it was no reversible error, as no injury could result to the defendant.

**2.—Same—Charge of Court—Dismissal of Count.**

Where the State dismissed a count in the indictment the court should not have charged thereon.

**3.—Same—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of burglary to commit theft, the evidence sustained the conviction, there was no error in refusing a charge acquitting the defendant.

**4.—Same—Husband and Wife—Want of Consent.**

Where, upon trial of burglary of a private residence at night, the property of the husband, the State was permitted to show that the house was broken into and entered without the consent of the wife, it being shown that the husband was away, there was no reversible error, although it was unnecessary for the wife to so testify, unless defendant had sought to show her consent.

**5.—Same—Circumstantial Evidence—Charge of Court.**

Where, upon trial of burglary, the evidence did not raise the issue of circumstantial evidence, there was no error in the court's failure to charge thereon. See opinion for acts not raising the issue of circumstantial evidence. Following Montgomery v. State, 55 Texas Crim. Rep., 502, and other cases.

**6.—Same—Domestic Servant—Tenant—Charge of Court.**

The term, domestic servant, does not include a tenant whose employment is out of doors and not in the house, and there was no error in the court's failure to charge on the law of domestic servant. Following Waterhouse v. State, 21 Texas Crim. App., 663, and other cases.

**7.—Same—Sufficiency of the Evidence—Breaking—Entry—Intent to Steal.**

Where, upon the trial of burglary in the night-time of a private residence, the evidence showed that defendant knew that money was kept about the house, and that he broke and entered therein in the night-time, it may be inferred from the surrounding circumstances that the burglary was intended to commit theft. Following Alexander v. State, 31 Texas Crim. Rep., 359, and other cases.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of burglary of a private residence in the night-time; penalty, twelve years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment contains three counts. The first charging assault with intent to rape; the other two charging a night-time burglary with different intents. The conviction was had under the third which charged a burglary with intent to commit the crime of theft, the punishment being assessed at twelve years in the penitentiary.

1. Appellant moved to quash the first count in the indictment because of what was thought to be a fatal omission in the allegations. The county attorney, as he commenced his opening address to the jury, stated in substance that he had concluded to abandon the first count for the reason that the penalty for the character of assault therein attempted to be alleged was not as grave a penalty as the penalty defined for the commission of burglary, and for this reason only did he abandon the first count. Appellant objected to these remarks and asked the court to instruct the jury not to consider them but to withdraw said remarks from the consideration of the jury and asked that the county attorney be reprimanded, but the court failed to reprimand the county attorney or withdraw from the consideration of the jury these remarks, and the county attorney repeated to the jury that the only motive which influenced him in abandoning said first count was the fact that the penalty for the character of assault charged in said first count was smaller than that for burglary. Appellant's contention is that these remarks were prejudicial and detrimental to his interest and had a tendency to mislead and misdirect the jury and that the remarks were highly improper and that the court would not give the instructions as requested and failed to reprimand the county attorney. We are of opinion that these remarks should not have been made to the jury. The remarks were improper but were not of such a nature as to require a reversal of the judgment. The reasons for dismissing a count from the indictment are required to be given at the time the motion is made by the prosecuting officer. It is not a matter for the jury, however, but for the court. The county attorney seems not to have been very accurate in his statement in regard to the penalty for the two offenses. The punishment for assault with intent to rape is for any term of years in the penitentiary not less than two, which could go far beyond the maximum punishment for burglary which is twelve years. If the county attorney in making this statement dismissed it

for the reasons stated, it may have been beneficial to the defendant; at least, the fact that he did dismiss it was, because the jury could have inflicted a much higher punishment than that which was found by them. Any way, we are of opinion that the matter as it occurred was not of sufficient importance to require a reversal. There is some question raised with reference to the second count and the charge submitting that to the jury—burglary with intent to commit rape. In the attitude the record was left, when the county attorney dismissed the count charging assault with intent to rape, this count should not have been submitted to the jury. The county attorney had abandoned and dismissed the first count and, having abandoned as to the assault to rape, that passed out of the case and the court should not have submitted it. The jury would not have been authorized to find the defendant guilty of burglary with intent to rape when the county attorney had abandoned that phase of the case.

2. The attorneys for the appellant presented to the court an instruction to the effect that the jury should acquit defendant on the second and third counts in the indictment, contending there was no evidence to support either. This was refused. Inasmuch as defendant was convicted on the third count, the instruction with reference to the second count will not be further noticed. We are of opinion that the court was not in error in refusing to give the instruction in regard to the third count. Under our authorities, we are of opinion that there was evidence sufficient to justify the jury in reaching the verdict they rendered.

3. Another bill recites that while Mrs. Effie Wiles was upon the stand she was permitted to testify that the private residence alleged to have been burglarized was broken into and entered without her consent. Defendant urged that the testimony was inadmissible, improper and prejudicial for the reason the indictment alleged a nighttime burglary of the private residence of Frank Wiles. The statement of facts shows that Frank Wiles was the husband of Mrs. Effie Wiles and was absent from home on the night mentioned, in the city of Dallas, some eighteen or twenty miles distant from his home and that his wife and three little children were occupying the house that night with no other inmates. The indictment further alleges that the house was under control of Frank Wiles and that it was entered without his consent and with the intent to take property was without his consent. It was not necessary to allege the want of consent of Frank Wiles, or anyone else, so far as the entry of the house was concerned, and it was not necessary to prove this allegation. It was necessary, however, in some manner to prove want of consent to take the property had any been taken. The question here is not that the State failed to prove the consent, or want of consent of Frank Wiles, but the contention is that it was error to permit Mrs. Wiles to testify that she did not give her consent. There was no error in this. It was not necessary for her to so testify, but it

has been several times held that where the fact of want of consent of third parties is shown, while unnecessary and inadmissible, it is not of that character that will reverse the judgment. The defendant would be entitled to prove the consent of Mrs. Wiles, if he could, to show his want of fraudulent entry. It has never been regarded as error of such a nature as to require a reversal of the judgment to introduce evidence of third parties, as was done in this case in reference to evidence of Mrs. Wiles. It is of no moment and would not support the allegations in this indictment. Her want of consent was not alleged in the indictment and, therefore, it was not a part of the case, and the fact that she did not give her consent would not support or tend to support the allegation in the indictment that her husband did not give his consent.

4. In the motion for a new trial appellant contended that the charge on circumstantial evidence was not sufficient. The court applied it—not to the general case—but to the particular allegation that appellant broke and entered the private residence of Frank Wiles by force and without the consent of Frank Wiles. In that connection the court told the jury that these matters were dependent for proof upon circumstantial evidence, and the rule above given in regard to circumstantial evidence was also applicable to that phase of the case. In the preceding portion of the charge the court had instructed generally the law in regard to circumstantial evidence. With reference to the breaking and force, this was not a case of circumstantial evidence under the decisions. Montgomery v. State, 55 Texas Crim. Rep., 502; Smith v. State, 51 Texas Crim. Rep., 427; Moore v. State, 52 Texas Crim. Rep., 364. We are of opinion that the law governing a case of circumstantial evidence was not called for under these authorities. The evidence is uncontradicted, as we understand this record, that Mrs. Effie Wiles and her little children were occupying the family residence in the absence of the husband and father; that appellant entered the house in the early morning, a little while before day, as well as the room in which Mrs. Wiles and her children were sleeping; that some pulling at the bed, or shaking in some way awakened her and she found defendant lying on the floor with his feet partly under the bed; that she reached for and obtained a pistol, and as she did appellant grabbed her hand and took the pistol and ran away. The pistol was subsequently found under appellant's house, which was some half mile distant. There can be no question about her identifying the negro and it seems not to have been questioned. Mrs. Wiles testified in regard to the breaking that when she retired for the night she closed all the doors securely and that appellant must have come in through one of the doors which was mentioned, and when he obtained the pistol he ran out through that door. There was no way for appellant to enter the house, except by opening one of the doors, and that being the only one that was found open, the conclusion under all the relations of

defendant to the transaction is too close to make it a case of circumstantial evidence. As we understand, all the authorities in this State, especially of recent years, so hold.

5. It is also contended by appellant that the question of domestic servant entered into the case and the court should have charged with reference to that phase of the law. We are of opinion that the evidence does not suggest this issue. The authorities from Wakefield v. State, in the 41 Texas, 556, are the other way. The facts show, in this connection, that appellant was a tenant on the place and that his residence was about a half mile from that occupied by Mrs. Wiles; that he did not work about her residence, but sometimes worked about the store. One of the witnesses said that he had seen defendant about the store and working about the house, but this would hardly be taken to make him a domestic servant, even if he had seen him working about the residence. The testimony is that he was a tenant on the place, having a house of his own and living about a half a mile distant. The term domestic servant does not extend to a servant whose employment is outdoors and not in the house. Waterhouse v. State, 21 Texas Crim. App., 663; Williams v. State, 41 Texas, 649; Wakefield v. State, 41 Texas Crim. Rep., 556.

We think the evidence is sufficient to show the purpose of the entry. Mrs. Wiles testified that she had fifty dollars in the house hid under her pillow that night; that she did not believe, however, that appellant knew that fact, but that he did know that she kept money about the house. He was there for some purpose unexplained so far as anything that he himself said. He did not open his mouth, but he had opened the door and entered the house and was near the bed of Mrs. Wiles. That he did not intend to have intercourse with her may be taken as reasonably certain because he made no effort to do so, and when he took the pistol away from Mrs. Wiles he ran away with it. He did not undertake to force her to have intercourse, made no effort and gave no intimation that that was the fact, further than that he was in the room with Mrs. Wiles. Mrs. Wiles did not know or undertake to state what appellant was doing when he shook the bed. He did not shake her by putting his hand on her. She was aroused by reason of the fact that appellant was doing something with the bed and not with her person. He may have thought that he would find the money under the pillow, or about the bed, and in this manner was moving the bed or mattress by which Mrs. Wiles was aroused. He took the pistol and ran away with it. Though there be no direct evidence of the intent it may be inferred from the surrounding circumstances and ordinarily the mere fact of breaking and entering in the night-time, raises the presumption that was done with the intent to commit theft. Alexander v. State, 31 Texas Crim. Rep., 359; Franco v. State, 42 Texas, 276; Mullens v. State, 35 Texas Crim. Rep., 149; Matthews v. State, 38 S. W. Rep., 172. Taking all the facts together, viewed in the light of all the

circumstances, we are of opinion that the evidence is sufficient to show the intent with which the appellant entered the house was for the purpose of committing theft and that the jury was correct in finding that the entry was not made for the purpose of committing rape.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*