HANDY BLACK v. THE STATE.

No. 3057. Decided March 18, 1914.

Rehearing denied April 15, 1914.

**1.—Burglary—Suspended Sentence—Private Residence.**

Where defendant was charged with burglary of a private residence at night and convicted thereof, he was not entitled to have the terms of the Suspended Sentence Act submitted to the jury, as this did not apply to that character of offense.

**2.—Same—Intent to Steal—Charge of Court.**

Where, upon trial of burglary of a private residence at night, the defendant claimed that he was so intoxicated that he did not know what he was doing, which the witnesses for the State denied, and the court submitted the question of intent to commit the crime of theft to the jury, who found him guilty, there was no error.

**3.—Same—Intent to Steal.**

The fact that defendant had not in fact stolen anything when he was detected would not entitle him to an acquittal, there being nothing to indicate that the entry was made with any other intent than to steal, there was no error. Following Smith v. State, 51 Texas Crim. Rep., 427, and other cases.

Appeal from the District Court of Houston. Tried below before the Hon. John S. Prince.

Appeal from a conviction of burglary of a private residence at night; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Madden & Denny,* for appellant.—On question of insufficiency of the evidence: Wilson v. State, 18 Texas Crim. App., 270; Harris v. State, 20 id., 652; State v. Robertson, 32 Texas, 160.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of burglary, and his punishment assessed at five years confinement in the penitentiary.

Appellant filed a written request that the court submit to the jury the question of suspension of his sentence in case he was found guilty. Appellant was charged with burglary of a private residence at night, and convicted of that offense. By the terms of the Suspended Sentence Act he was not entitled to have that question submitted to the jury, for it provides that the law shall not apply to that character of offense, therefore, the court did not err in refusing to submit that issue to the jury.

The evidence clearly shows that appellant entered the private residence of W. D. Granbury in the night time, for he was detected by Mr. Granbury and arrested by him. He does not deny this fact, but says he was so drunk he did not know what he was doing, and he introduced several witnesses to prove that he was so intoxicated that he did not know what he was doing. However, Mr. Granbury and Mr. Leaverton testify that while appellant was drinking, he had not reached that state of intoxication which rendered him incapable of knowing what he was doing, thus making that an issue of fact. The charge was that he entered this house with the intent to commit the crime of theft. If he intended to steal, he was detected before accomplishing that purpose and arrested. The court, among other things, instructed the jury: "If you believe from the the evidence that the defendant's mind was so much affected by drink as to make him incapable of forming an intent when he entered the house, if he did enter the house, and that when he so entered the house, if he did, that he did not at the time of such entry, if any, have sufficient mind or discretion to form an intent, then you will acquit the defendant." He instructed them also that before they would be authorized to convict they must believe beyond a reasonable doubt he entered the house *with the intent to commit the crime of theft.* The jury finds adversely to appellant's contention, and we do not feel authorized to disturb their verdict.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

April 15, 1914.

HARPER, JUDGE.—Appellant has filed a motion for rehearing insisting that the indictment charged that he broke and entered the house

with the intent to steal, and as at the time he was detected he had stolen nothing, the evidence is insufficient. The evidence discloses that the kitchen door was broken in law, the door being opened and an entry made therein, his tracks being found inside the kitchen, although he was on the gallery when Mr. Granbury found him. But prior to this time appellant had been heard making a noise in the kitchen or in opening the door of the kitchen. The fact that he had not, when detected, in fact stolen anything would not entitle him to an acquittal, for when one, at night, by stealth, enters the private residence of another, with no right to do so and no legal excuse for so doing, the evidence of intent to steal may be slight and circumstantial, if there is nothing to indicate that the entry was made with any other intent. Alexander v. State, 31 Texas Crim. Rep., 359; Mullens v. State, 35 Texas Crim. Rep., 149; Smith v. State, 51 Texas Crim. Rep., 427.

The motion for rehearing is overruled.

*Overruled.*