### ED LOVE v. THE STATE.

No. 4765. Decided December 19, 1917.

**1.—Burglary—Intent to Steal—Sufficiency of the Evidence.**

Where, upon trial of burglary with intent to ·steal, the evidence showed that the house was burglarized and other evidences of the offense, the question of intent was one of fact for the jury, even though no property was taken away. Following Black v. State, 73 Texas Crim. Rep., 475, and other cases.

**2.—Same—Evidence—Circumstantial Evidence.**

Upon trial of burglary there was no error in excluding certain testimony as to how certain blood stains could have been made as they were, as there was no speculation or issue about this.

**3.—Same—Circumstantial Evidence—Charge of Court.**

Where, upon trial of burglary, the evidence was wholly circumstantial and the court submitted a proper charge thereon, there was no reversible error, as there is no prescribed formula for a charge on circumstantial evidence; and where the whole charge of the court on this subject taken together meets defendant's objection and the requirements of the law, there is no reversible error. Following Coffman v. State, 73 Texas Crim. Rep., 295, and other cases.

Appeal from the District Court of Midland. Tried below before the Hon. Chas. Gibbs.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wright & Harris* and *H. A. Leaverton,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—From a conviction of burglary with the lowest punishment assessed, this appeal is prosecuted.

The uncontradicted testimony shows that on the night of January 15, 1917, the storehouse of Mr. Rohlfing, in Midland, was broken into. The glass in the door was broken, the yale lock from the inside then turned and the door opened. Whoever broke the glass cut his hand. Blood was found on the door lock on the inside and drops of blood on the floor from there down into the store to the safe, and about the safe, and then back from there to the door and on the outside.

The store door was discovered standing open the next morning about, or just before daylight. Mr. Rohlfing was phoned for and as soon as he could go down he discovered that the glass of his door had been broken and entrance effected that way, and the drops of blood found in the store back and forth as indicated. These drops of blood in the store and about the safe were proven by witnesses who at the time examined them. The officers then tracked this blood from the store door outside, telling the route, until they came to the room in a negro boarding house where they found appellant. They found that the thumb on his left hand had been recently cut, was still bleeding, and they also found blood on various articles in the room where they found him. It had snowed a day or two before this. They found tracks from the store door around in the snow and on the ground around where these drops of blood appeared clear to the house where they found appellant. They took his shoes off, measured them in the tracks and they fitted exactly. No other tracks than these were found at the locations indicated except appellant's when they were first traced. There can be no sort of doubt from the uncontradicted testimony that appellant is the person who broke the glass out of the store door and entered the store. The evidence would exclude the idea that it was any other than appellant.

The store of Mr. Rohlfing was a racket store. He testified, in substance, that when he first went down and found that his store had been broken into he looked to see if any of his goods were missing and that he failed to discover that any of them were missing.

The indictment alleged that said house was broken into and entered with the intent, by appellant, to steal. He contends that because the evidence fails to show he stole anything, when he had the opportunity, that the evidence is insufficient to show that he committed a burglary, and that the court erred in submitting the case to the jury authorizing

his conviction for burglary. Whether or not his intention was to steal at the time he broke and entered the house is a question of fact to be solved by the jury from the circumstances and from all the testimony. The law on the subject is well settled against appellant's contention. Franco v. State, 42 Texas, 276; Alexander v. State, 31 Texas Crim. Rep., 359; Mullens v. State, 35 Texas Crim. Rep., 149; Smith v. State, 51 Texas Crim. Rep., 427; Moore v. State, 52 Texas Crim. Rep., 364; Williams v. State, 65 Texas Crim. Rep., 86; Black v. State, 73 Texas Crim. Rep., 475, and other cases.

This court, by Judge Davidson, in the Alexander case, supra, held: "The intent with which the defendant entered the house is a fact for the jury, to be gathered from the circumstances attending the entry, and prior and subsequent thereto. The Supreme Court of California, in a case similar to the one in hand, said: 'Though there was no direct evidence of the intent, it might be inferred from the surrounding circumstances. The weight to be given to these was a question properly left to the jury; and when a person enters a building through a window at a late hour of the night, after the lights are extinguished, and no explanation is given of his intent, it may well be inferred that his purpose was to commit larceny, such being the usual intent under such circumstances.' The People v. Soto, 53 Cal., 415; Painter v. State, 26 Texas Crim. App., 454; Steadman v. State (Ga.), 8 S. E. Rep., 420; 11 Crim. Law Mag., 410; 2 Archb. Crim. Prac. and Pl., p. 1107. Mr. Archbold says: 'Even the very fact of breaking and entering in the night time raises the presumption that it is done with the intent of stealing.'" This holding was repeated by Judge Davidson in the said Mullens case, supra.

In the Smith case, supra, the same contention in effect was made as in this case. This court, through Judge Henderson therein, held: "The facts on this point are meager. The prosecutor says he kept no valuables in his room, only his clothing, bedding and furniture; that he also kept a six-shooter in his room, which, immediately after the burglary, he discovered was gone, but he testified that this pistol may have been taken before that night, as he did not remember to have seen it for some days prior to the burglary. What other purpose than to steal appellant had in going into the room is not suggested by any evidence, and under the authorities, as we understand them, the evidence of an intent to steal in a burglary case may be slight. See Burke v. State, 5 Texas Crim. App., 74; Alexander v. State, 31 Texas Crim. Rep., 362, and Mullins v. State, 35 Texas Crim. Rep., 149. In this case, though evidence of the specific intent to steal was slight, yet we believe, under the authorities, it was sufficient."

This court again in the Moore case, supra, in an opinion by Judge Ramsey, discussed this question, and held: "We must, in a case like this, have some respect for the verdict of the jury. They are essentially the arbiters under certain restrictions of all questions of fact; both their integrity and intelligence are vouched for by their selection, without

objection by both counsel for the State and the defendant. Again, the verdict has received the approval of the judge of the court trying the case; he had the opportunity of seeing the witnesses, and had better opportunities than we have to judge in the first instance, both in respect to their credibility, and the weight to be given to their testimony. He is something more than a mere disinterested moderator of a forensic contest: By law he is charged with the responsibility on deciding on the sufficiency of the evidence which the jury has acted on to support their verdict. Yielding the respect, which the law requires, to the verdict of the jury and the action of the court, we hold against the contention of appellant that the verdict is unsupported in that there was not sufficient evidence of an intent to commit theft; but that judged in the light of all the circumstances, the verdict of the jury is supported by the evidence. Alexander v. State, 31 Texas Crim. Rep., 359; Painter v. State, 26 Texas Crim. App., 454; People v. Soto, 53 Cal., 415."

The evidence herein, as stated, without doubt, shows an unlawful breaking and entry by appellant. As held in the cases above cited, no other reasonable deduction can be drawn than that he entered it at the time for the purpose to steal. No other purpose than this is indicated or suggested by the whole testimony. What scared him off or caused him to change the purpose of his unlawful breaking and entrance is not disclosed. The testimony strongly indicates that it was for the purpose of rifling the safe and stealing the money that was therein. The testimony shows the safe was locked. Doubtless he found this out upon testing the door to the safe. The blood found upon the surface of the shelf on the safe would indicate that he placed his left hand, bleeding, there while he tested the door or lock with his right hand. Upon the whole, the evidence was sufficient from which the jury could deduct that his intention in unlawfully breaking and entering the house was to steal. It is not necessary to prove he actually stole something. The court did not err in submitting the question to the jury in his charge, and the evidence was sufficient to sustain the verdict.

The court did not err in excluding the proffered testimony by Jim Lee to the effect that he and the deputy sheriff, John Roberts, discussed between them how blood stains could have gotten on the right hand side of the tracks which they were following away from said store, in view of the court's qualification of appellant's bill stating that "both of these witnesses testified that the blood stains were on the right hand side of the tracks for a short distance from the door of the building broken into, the State admitting that fact, and speculation between the witnesses and conversations as to how it got there is immaterial."

The court, among other instructions, charged the jury as follows:

"In order to convict upon circumstantial evidence the State must show beyond a reasonable doubt: (a) each circumstance necessary to the conclusion of defendant's guilt; (b) they must be consistent with each other and with the guilt of defendant; (c) they must be of a conclusive nature, and they must be inconsistent and incompatible with

the theory of defendant's innocence; (d) they must exclude every reasonable hypothesis of defendant's innocence. And unless the circumstances in evidence show the defendant's guilt to a reasonable and moral certainty you will acquit him. The defendant is presumed to be innocent until his guilt is proved by competent evidence beyond a reasonable doubt."

Appellant objected to this charge and to some particular paragraphs of it.

The evidence establishing appellant's guilt was wholly circumstantial, hence, it was necessary for the court to give a proper charge on this subject. The decisions of this court are many and uniform to this effect as laid down by Judge White in his Ann. C. C. P., sec. 813, subdiv. 5, "There is no prescribed formula for a charge on circumstantial evidence. Loggins v. State, 8 App., 434; Hubby v. State, 8 App., 597. If the ideas conveyed are correct, and so expressed as to be understood by the jury, the charge is sufficient. Chitister v. State, 33 Texas Crim. Rep., 635; Ray v. State, 13 Apps., 51; Taylor v. State, 9 Apps., 100; Rye v. State, 8 Apps., 153; Simms v. State, 8 Apps., 230"; Coffman v. State, 73 Texas Crim. Rep., 295.

One of appellant's objections is that said charge nowhere states that each circumstance necessary to the conclusion of defendant's guilt must be proven by competent evidence. This objection is completely met by what was held in Taylor v. State, 9 Texas Crim. App., 104, as follows: "In such case, each fact in a chain of facts from which the main fact in issue is to be inferred, must, it is true, be established by competent evidence; which is merely another way of stating the proposition that each fact in such chain must be established in proof by evidence, for any other evidence save competent evidence is, in legal contemplation, no evidence. But these isolated facts need not to be proved by the same weight and force of evidence as if each one were the main fact in issue; neither need all the facts in evidence before the jury be consistent with each other and the main fact to be proved. The only rule which can be regarded as of practical application in the administration of the law is, that the legal test is the sufficiency of the evidence to satisfy the understanding and conscience of the jury, and to produce in their minds a moral certainty of the guilt of the prisoner, to the exclusion of every reasonable doubt. When a jury is substantially informed of this requisite, as was done in this case, the law is satisfied. Brown v. State, 23 Texas, 195."

Besides, the last paragraph of the charge quoted above expressly told the jury that appellant was presumed to be innocent until his guilt was proved by *competent evidence* beyond a reasonable doubt.

Another objection was to paragraph (b) to the effect that it should have read, "All the facts necessary to the conclusion must be consistent with each other and the main fact sought to be proved." The whole charge on this subject, taken together, meets appellant's objection.

Upon the whole, while the charge quoted is somewhat terse, yet it meets all of the requirements of a charge on circumstantial evidence.

The judgment is affirmed.

*Affirmed.*