### J. L. O'NEAL v. THE STATE.

No. 10332.    Delivered February 16, 1927.

**1.—Burglary—Indictment—Held Sufficient.**

Where an indictment charging burglary avers that appellant entered a house, occupied and controlled by Lester Brown, in the night time by "force" and with the intent to "fraudulently" take therefrom property belonging to Brown, and contains further averments which would constitute theft, same is sufficient. See Arts. 1389 and 1410, P. C. 1925.

**2.—Same—Evidence—Held Sufficient.**

Where, on a trial for burglary, it was shown that the house of complaining witness was entered by force, and appellant was discovered and arrested in the house, and it was shown that tools contained in the back of an automobile inside the house had been removed, this evidence was sufficient to establish the intent to commit the offense of theft. See Branch's Ann. P. C., Sec. 2344.

**3.—Same—Charge of Court—Issue Not Raised—Properly Refused.**

Where there was no evidence that raised the issue, there was no error in the trial court refusing to instruct the jury that if the appellant conceived the intent to steal after he entered the house, he should be acquitted.

**4.—Same—Trial Judge as Witness—Held Not Improper.**

Where appellant's general reputation in another county was in issue, there was no error in permitting the state to prove by the trial judge that such reputation was bad. A trial judge is a competent witness for either the state or the accused. The propriety of a trial judge becoming a witness must be left largely to his good judgment and discretion in a given case. See Art. 717, C. C. P. 1925.

Appeal from the District Court of Knox County. Tried below before the Hon. J. H. Milam, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*Dickson, Newton & Dickson* of Seymour, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment being two years in the penitentiary.

Bill of exception No. 3 brings forward appellant's complaint at the court's refusal to arrest the judgment which was sought upon the ground that the indictment was fatally defective in that it did not aver that appellant "fraudulently" entered the house. We perceive no vice in the indictment. It follows approved forms as well as the statute defining burglary and theft. (Articles 1389 and 1410, P. C., 1925.) It avers that appellant entered a house occupied and controlled by Lester Brown in the night time by "force" and with the intent to "fraudulently" take therefrom property belonging to Brown, and contains the further averments which would constitute theft.

Bills one and two raise in different ways appellant's contention

that the evidence is insufficient to support the verdict and judgment. Brown returned to his home late in the night about 11 o'clock, drove his automobile in the garage, locked the car, closed and fastened the doors to the garage and went into his residence. A short time thereafter he saw two parties crossing the street, going in the direction of his garage, and soon heard talking apparently in the garage. Upon investigation he discovered that the door of his garage was standing open about eighteen inches. He returned to the house, secured a gun and approached within about twenty feet of the garage door. He could hear talking inside, and could hear a noise, but could not tell what was going on. He ordered the parties to come out. Someone from the inside requested him not to shoot and appellant and his brother emerged from the garage. They were taken in charge by Brown and turned over to the officers. Upon returning to the garage appellant made an examination and discovered that his car tools, which had been under the back seat when he left the car, were then upon the floor of the car between the two seats. Nothing was missed from the car or the garage. Appellant's contention that the facts do not show entry of the garage with intent to commit theft is wholly without merit. If Brown's evidence is true the tools had been moved by appellant or the party with him, and it is not likely they would have brought them or other articles they intended to steal out of the garage when they had been detected and the owner was standing there with a drawn gun. We quote the text and supporting authorities from Branch's Ann. Tex. P. C., Sec. 2344:

"The intent with which the defendant entered the house is a question of fact for the jury, to be gathered from all the circumstances of the case. When it is alleged that the burglarious entry was made with intent to commit theft, and the jury have found that such entry was made with such intent, and such finding has been approved by the trial court, the judgment of conviction will ordinarily be sustained if there is nothing in the testimony to indicate that such entry was made with any other intent. France v. State, 42 Texas 276; Alexander v. State, 31 Tex. Crim. Rep. 359, 20 S. W. 756; Mullens v. State, 35 Tex. Crim. Rep. 149, 32 S. W. 691; Matthews v. State, 38 S. W. 172; Smith v. State, 51 Tex. Crim. Rep. 427, 102 S. W. 406; Moore v. State, 52 Tex. Crim. Rep. 364, 107 S. W. 355; Williams v. State, 143 S. W. 634; Black v. State, 165 S. W. 571."

Appellant requested the court to instruct the jury that if appellant conceived the intent to steal after he entered the house he should be acquitted. The refusal of this charge is made the

basis of complaint. Appellant did not testify and introduced no testimony in his own behalf, explaining his presence in the garage or the purpose of his entry. We find nothing in the facts to raise the issue thus sought to be submitted. Appellant had no business in the garage and there is nothing to indicate that he entered for one purpose and after having entered conceived then for the first time the intent to steal. The court committed no error in refusing the requested instruction.

Appellant filed an application for suspended sentence. The trial was had in Knox County, where the offense was alleged to have been committed. Appellant lived in this county at the time and had resided there for a number of years, but formerly had resided in Baylor County. Appellant called two witnesses who testified that appellant's reputation in Baylor County was good. In rebuttal the District Attorney testified that he was acquainted with appellant's reputation in Baylor County and that it was bad. He also called to the witness stand the trial judge, who testified to the same effect. Bills of exceptions 6 and 7 bring forward complaint because they became witnesses. The bills raise more a question of the propriety of the officers (and especially that of the trial judge) testifying rather than any legal question. Article 717, C. C. P. (1925) expressly states that "the trial judge is a competent witness for either the state or the accused, and may be sworn by the clerk of his court and examined, but he is not required to testify if he declares that there is no fact within his knowledge important in the case." Appellant was attempting to establish the fact as bearing upon his application for suspended sentence that his reputation in Baylor County was good. The application was not filed until the day of trial and it may be the state was without witnesses upon the point save the District Attorney himself and the trial judge. However that might be, the learned judge could not very well excuse himself on the ground that he knew no fact bearing upon the case, for when called he testified that he did know that appellant's reputation in Baylor County was bad. The propriety of the trial judge becoming a witness must be left largely to his good judgment and discretion in a given case. The records coming before this court for review reflect that only in rare instances does the trial judge permit himself to become a witness.

The only remaining bill is that complaining of the overruling of motion for new trial. It calls for no discussion. The motion was based upon matters presented in other bills which have already been disposed of.

The judgment is affirmed.                     *Affirmed.*