### L. T. PRINCE V. STATE.

No. 24750. May 31, 1950.
State's Motion for Rehearing Denied (Without Written Opinion) June 23, 1950.

*Fred Whitaker,* Carthage, for appellant.

*Emmett Wilburn,* District Attorney, Center and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for uxoricide, with punishment assessed at confinement in the penitentiary for fifty years.

When this case was before us 153 Texas Crim. Rep. 569, 223 S. W. 2d 241 on application for bail, we called attention to the fact that a serious question existed as to the admissibility of appellant's confession.

Upon the trial of this case there was introduced before the court certain parts of that testimony tending to show the inadmissibility of the confession and, in addition thereto, the facts were fully developed before the jury.

The admissibility of the confession was by the trial court submitted to the jury under appropriate instructions to disregard the confession in the event they entertained a reasonable doubt as to whether it was voluntarily made by appellant and without coercion or duress. This is the approved procedure where issues of fact arise as to the voluntariness of the confession. On the other hand, if the undisputed facts show that the confession was not and could not have been voluntarily

made, then the admissibility of the confession is a question of law for the court.

In passing upon the admissibility of the instant confession, then, we look to the undisputed facts. This is the rule not only of this court but also of the Supreme Court of the United States.

It would serve no useful purpose to here detail the facts. As we construe this record, the undisputed facts show that appellant was questioned at intervals and at length by the officers and prosecuting attorneys from the afternoon of Wednesday, May 25, 1949, until three or four o'clock, a. m., Saturday, May 28, 1949. During this period of time appellant was carried to Austin, a distance of two hundred eighty miles, where he was subjected to the "lie detector" test at the department of public safety.

The confession was finally made after appellant's return from taking the "lie detector" test and after he had been carried to his home to the scene of the alleged crime, where his wife, whom he was alleged by the officers to have killed, had been found dead. It was then and not until then that appellant made the confession.

During all this period of time, no formal accusation was filed against appellant, nor does it appear that he was carried before a magistrate, as required by Art. 217, C. C. P.

The Supreme Court of the United States has announced the law to be that a conviction by a state court for a state crime by the use of a coerced, forced, or involuntary confession constitutes a denial of due process, as guaranteed by the Fourteenth Amendment to the Federal Constitution. In such cases, that court takes jurisdiction and, from its independent examination, determines from the undisputed facts whether the confession was procured under circumstances rendering its admission as evidence a denial of due process. It is by reason of that rule that this court in every case involving the admissibility of a confession in evidence must first determine if the confession is inadmissible under the decisions of the Supreme Court of the United States.

Whether a confession is admissible in evidence under the laws of this state is of no consequence and is not the subject of inquiry until this court has reached the conclusion that the confession was not procured under circumstances condemned by the decisions of the Supreme Court of the United States.

Confessions were found by the Supreme Court of the United States, from its independent examination of the facts of each, to have been procured in violation of due process in the following cases where convictions had been obtained in state courts for state crimes, viz: Haley v. Ohio, 332 U. S. 596, 92 L. Ed. 224, 68 S. Ct. 302; Malinski v. N. Y., 324 U. S. 401, 89 L. Ed. 1029, 65 S. Ct. 781; Ashcraft v. Tenn., 322 U. S. 143, 88 L. Ed. 1192, 64 S. Ct. 921; Ward v. Texas, 316 U. S. 547, 86 L. Ed. 1663, 62 S. Ct. 1139; Lomax v. Texas, 313 U. S. 544, 85 L. Ed. 1511, 61 S. Ct. 956; Vernon v. Ala., 313 U. S. 547, 85 L. Ed. 1513, 61 S. Ct. 1092; White v. Texas, 310 U. S. 530, 84 L. Ed. 1342, 60 S. Ct. 1345; Canty v. Alabama, 309 U. S. 629, 84 L. Ed. 988, 60 S. Ct. 612; White v. Texas, 309 U. S. 631, 84 L. Ed. 989, 60 S. Ct. 706; Chambers v. Fla., 309 U. S. 227, 84 L. Ed. 716, 60 S. Ct. 472; Brown v. Miss., 297 U. S. 278, 80 L. Ed. 682, 56 S. Ct. 461; Ashcraft v. Tenn., 327 U. S. 274, 90 L. Ed. 667, 66 S. Ct. 544; Watts v. Indiana, 338 U. S. 49, 93 L. Ed. 1801, 69 S. Ct. 1347; Turner v. Pa., 338 U. S. 62, 93 L. Ed. 1810, 69 S. Ct. 1352; Harris v. S. C., 338 U. S. 68, 93 L. Ed. 1815, 69 S. Ct. 1354.

It would unduly prolong this opinion, and no useful purpose would be served, to analyze the facts upon which the conclusion in each of the cited cases rested. It is sufficient to here say that we have reached the conclusion that the instant confession was obtained under circumstances such as to constitute its use in evidence a denial of due process, under the decisions of the Supreme Court of the United States. Having so concluded, it is our duty to follow what we understand to be the mandate of that court.

This conclusion renders unnecessary a determination by us of the question of the admissibility of the confession because of the failure of the officers to carry appellant before a magistrate. That question is not decided.

The confession of appellant being inadmissible, the judgment is reversed and the cause remanded.

Opinion approved by the court.