## JOHN DIMERY V. STATE

No. 25196. May 9, 1951.
Rehearing Denied June 13, 1951.

■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Hon. Roger Thurmond, Judge Presiding.

■■■■■■■

*Brian Montague*, Del Rio, for appellant.

*Harvey L. Hardy*, Acting Criminal District Attorney, and *M. C. Gonzales*, Assistant Criminal District Attorney, San Antonio, and *George P. Blackburn*, State's Attorney, Austin, for the state.

*Will A. Morris, Jr.*, San Antonio, as amicus curiae.

GRAVES, Presiding Judge.

The conviction is for the nighttime burglary of the residence of D. R. (Donald) Stallknecht, Jr., with intent to commit theft; the punishment was assessed at five years in the penitentiary.

In the early hours of October 16, 1949, Mrs. Stallknecht was awakened in her bed by the breathing of someone leaning over her. Her scream awakened her husband, who got his gun and repeatedly fired at the intruder as he fled from the house. Neither Mrs. Stallknecht nor her husband was able to identify the intruder; the only description given by Mrs. Stallknecht was that "it was the outline of a large person." She refused to identify the appellant as that person.

Entrance to the house was made by forcing open the screen door on the back porch.

About a month after the above incident, or on November 18, 1949, appellant was arrested in connection with some other alleged crimes. As to these, he made a written confession in which he made the following statement, contended by the state as here relevant and connecting appellant with the offense here charged:

"About a month ago I also went into the house of Donald Stallknecht, Jr., here in Brackettville, Texas, one night about

midnight, I believe it was the 9th of October and entered that house through the back door and walked into the bedroom where two people were sleeping in bed. I stood by the bed a few minutes near the woman who was laying in it. She woke up and screamed and I ran out the back door."

Notwithstanding, there is a discrepancy in point of time between the commission of the burglary, according to the testimony of the state's witness, and that fixed by the appellant, in the statement mentioned as being a week prior to the burglary, we are constrained to conclude that such statement was sufficient to identify the appellant as the burglar.

The evidence being sufficient to show that appellant made a burglarious entry into the house at night and, upon being discovered, fled, and there being no evidence suggesting an intent other than that to commit the crime of theft, and the jury having found that the burglary was committed with such intent, the verdict will not be set aside on the ground that it is not supported by the facts. Branch's P.C., Sec. 2344; Alexander v. State 31 Tex. Cr. R. 359, 20 S.W. 756; Mullins v. State, 35 Tex. Cr. R. 149, 32 S.W. 691; Smith v. State, 51 Tex. Cr. R. 427, 102 S.W. 406; Black v. State, 73 Tex. Cr. R. 475, 165 S.W. 571; Love v. State, 82 Tex. Cr. R. 411, 199 S.W. 623; O'Neal v. State, 106 Tex. Cr. R. 158, 291 S.W. 892.

As tending to show that the entry into the house was made with intent to commit the crime of theft, the state proved by Stallknecht and his wife that on the night of the burglary three chickens were missing from the back steps of their dwelling, where the chickens roosted.

At the time such testimony was offered, appellant objected thereto as being irrelevant, immaterial, and prejudicial. In addition to such objection, appellant, before the introduction of any testimony in the case, by written motion, sought to have the trial court instruct state's counsel not to introduce or attempt to introduce such testimony before the jury. The objection and motion were overruled and proper exception reserved.

Appellant vigorously contends that the proof of the taking of the chickens was proof of a collateral or extraneous crime. We do not so view it.

Stallknecht and his wife retired at 10 p.m. and the pet

chickens which were missed were just outside the back door. At 2:45 a.m. following, appellant was discovered in the house, and immediately after his departure the chickens were missed.

We feel that the theft of the chickens was a part of the res gestae of the burglary of the house for which appellant was being tried.

Appellant objected to the receipt in evidence of the confession above set out. The objection centers around two propositions, which are to the effect that the confession was not voluntary because it was obtained as a result of long continued interrogation while under arrest and because appellant was unlawfully detained and falsely imprisoned, in violation of law and constitutional guarantees of due process.

As before stated, appellant was arrested about a month after the burglary in connection with some offenses other than the burglary here charged. He was placed in jail. No formal complaint was filed against him. His arrest, detention, and incarceration appear to have been for the purpose of holding him for investigation. From November 18, 1949, the day of the arrest, until November 21, 1949, when the confession was made, appellant was questioned or interviewed by the officers about four times. None of these interviews extended over an hour. When first interviewed, appellant denied his guilt, which denial continued until the confession was made. At no time prior to the making of the confession was appellant carried before a magistrate.

The record does not reflect appellant's educational attainments; nor is there any direct evidence that his incarceration brought about the confession.

Confessions obtained after protracted and repeated questioning of ignorant and untutored persons have been set aside as violative of due process (Lisenba v. California, 314 U.S. 219-239, 62 S. Ct. 280-291, 86 L. Ed. 166), as also where the accused has been held incommunicado without advice of friend or counsel. Ward v. Texas, 316 U.S. 547, 62 S. Ct. 1139-1143, 86 L. Ed. 1663.

In the recent case of Prince v. State, 155 Tex. Cr. R. 108, 231 S.W. 2d 419, we had occasion to discuss the rule relative to

involuntary and coerced confessions as applied by the Supreme Court of the United States to state trials.

We are unable to reach the conclusion that the instant facts bring this case within the rules stated, or authorize the conclusion that the confession was inadmissible by reason of the questioning of appellant.

We come now to a determination of the second attack upon the admissibility of the confession.

If we understand the position of the appellant, it is that the failure of the officers to file charges against him or to take him before a magistrate rendered the confession inadmissible as being in violation of Art. 727a, C.C.P., and of due process of law.

To sustain his contention, appellant relies chiefly upon the authority of McNabb v. U.S., 318 U.S. 332-349, 87 L.Ed. 819-829, 63 S.Ct. 608; Anderson v. U.S., 318 U.S. 350, 87 L.Ed. 829, 63 S.Ct. 599; Upshaw v. State, 335 U.S. 410, 93 L. Ed. 100, 69 S.Ct. 170; Colley v. State, 143 Tex. Cr. R. 390, 158 S.W. 2d 1014.

We see no necessity of entering into a discussion of these cases, for we have concluded that they are not here applicable.

In the instant case there is an absence of any testimony suggesting a causal connection between the arrest and failure to take appellant before a magistrate and the making of the confession. We do not, here, have such long and continued questioning as is reflected in some of the cases cited, and by reason of which it may be said that the confession resulted therefrom. Nor do the facts suggest that the three and a half days' confinement in jail caused appellant to make the confession.

If the instant confession is to be held invalid, it must be upon the broad proposition that appellant's arrest and incarceration and failure to take him before a magistrate had that result. This we are unwilling to say.

The conclusion here expressed as to causal connection appears to find support in the case of U.S. v. Mitchell, 322 U.S. 65, 88 L.Ed. 1140, 64 S.Ct. 896.

Finding no reversible error, the judgment is affirmed.

MORRISON, Judge.

The question presented by this appeal is: Does the mere fact that a man is restrained, without a complaint having been filed against him or he having been taken before a magistrate, without a showing of any other irregularity, render inadmissible a confession secured from the accused during the period of such restraint?

Appellant contends that this should be answered in the affirmative and cites us several recent decisions of the Supreme Court of the United States. The rule as announced in McNabb v. United States, 318 U.S. 332, and as construed and interpreted in Upshaw v. United States, 335 U.S. 410, would seem to support him were it not for the fact that these cases were decided under Rule 5a which gives the Supreme Court supervisory control over rules of evidence in the inferior Federal courts and not on any constitutional grounds. As will be seen from the opinion in Townsend v. Burke, 334 U.S. 736, this rule has no application to trials in state courts.

An affirmance of this case cannot be construed as a limitation of a prisoner's right against compulsory self incrimination and his right to due process because the same are protected by the rule that no involuntary confession may be admitted. The facts of the arrest and imprisonment may bear heavily upon the question of whether the confession was voluntarily made, and if illegal restraint be shown to have induced the confession, it may be said as a matter of law that the same was not voluntarily made and is, therefore, inadmissible.

We are unable to agree that the facts here show that the confession was induced by illegal detention or restraint or that the same was not voluntarily made.

We heartily commend able counsel for his conscientious representation of his client, but we do not feel ourselves called upon to set aside a conviction in order to punish an arresting officer for failing to take appellant before a magistrate more promptly than was done. This opinion is not to be considered as condoning the practice of holding a prisoner for investigation.

Remaining convinced that our original dispostion of the matter was correct, appellant's motion for rehearing is overruled.