## CARROLL L. SHOOK V. STATE

No. 25409. October 24, 1951.
Rehearing Denied December 12, 1951.

Hon. W. W. McCrory, Judge Presiding.

*Sam L. Harrison,* San Antonio, for appellant.

*Austin F. Anderson,* Criminal District Attorney, *Richard J. Woods,* Assistant Criminal District Attorney, San Antonio, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for nighttime burglary, the jury having assessed the punishment at 6 years in the penitentiary.

The proof shows that a window was pried open and the office of J. T. Dulaney, the injured party, was ransacked and some $300 in money, a watch, and some jewelry were taken.

Appellant was a former police officer of the city of San Antonio, and his fingerprints were on file there. Prints taken from the burglarized premises were found to be the prints of appellant, and, following his arrest, he confessed to the burglary.

Appellant urges that the evidence is insufficient to show that the offense was committed in the nighttime as alleged in the count of the indictment submitted to the jury.

The injured party testified, without objection, "this place was broken into in the nighttime." Appellant, in his confession, said that he and his companion committed the offense at about 1 o'clock A.M. We therefore overrule appellant's contention.

We also overrule appellant's Bill of Exception No. 3 wherein he questions the admissibility of the confession because he was

arrested without warrant and was not taken before a magistrate. The question here raised was decided adversely to appellant's contention in Dimery v. State, (Page 197 of this volume), 240 S.W. (2d) 293.

The remaining bill complains that the indictment should have alleged the manner in which the burglary was committed in the disjunctive, that is, "by force, threats or fraud" rather than the allegations made in the indictment that the entry was made "by force, threats and fraud."

Such allegations were properly made in the conjunctive. See Branch's Ann. P.C. page 258, Sec. 503.

No error appearing, the judgment is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING

MORRISON, Judge.

Appellant complains because in our original opinion we referred to appellant's confession as evidence that the burglary had been committed at night.

Appellant's contention seems to be that, since another trial court in another case had held the confession of appellant inadmissible, it became thereafter inadmissible in all courts. It is rudimentary that courts are not bound by the decisions of other courts of equal jurisdiction. The power to establish precedent is lodged in courts of superior jurisdiction.

In the case at bar, the jury evidently found appellant's confession to have been voluntarily made.

Appellant further complains because our original opinion was predicated upon Dimery v. State (Page 197 of this volume), 240 S. W. (2d) 293, which case, he says, is not based upon sound principles of law. Since the opinion of this court in the Dimery case, the rule there announced has been approved by the Supreme Court of the United States in Gallegos vs. Nebraska. (72 S. Ct. 141.) Therein, the Supreme Court of the United States held that a confesison is not vitiated alone because of the failure to take the accused before a magistrate.

Appellant's motion for rehearing is overruled.