Bellen **LOPEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44244.

Court of Criminal Appeals of Texas.

Nov. 16, 1971.

———◆———

James K. Edward, Odessa, for appellant.

John H. Green, Dist. Atty., and J. A. Bobo, Asst. Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary with intent to commit theft, with the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., being assessed at 12 years.

■ Appellant contends that the indictment is fundamentally defective in that it contained no description of the property to be taken.

Appellant acknowledges that there was no motion to quash the indictment filed and that earlier "cases dictate that a burglary indictment need not describe property alleged to have been taken," but contends "these cases should be overruled and a more logical, fair and reasonable attitude towards indictment for the crime of burglary with the intent to commit theft" be substituted. We decline to do so.

"The very nature of the offense of burglary renders it unnecessary in an indictment for burglary to describe therein the property intended to be stolen." 4 Branch's Ann.P.C., 2d ed., Sec. 2521, p. 839.

"It is the intent, and not the character or value of the article stolen after the burglarious entry, which characterizes and makes the offense of burglary complete." 4 Branch's Ann.P.C., 2d ed., Sec. 2535, p. 863.

"Under the statutes, an intention on the part of the accused to commit either a felony or theft, coupled with unlawful entrance, constitutes the crime of burglary. The intent with which the entrance was made is an essential element of the crime * * * actual commission of the contemplated crime need not be established. The accused may be found guilty of burglary although no property was taken and no felony was committed." 10 Tex.Jur.2d, Buglary, Sec. 30, p. 186. See also Ash v. State, Tex.Cr.App., 420 S.W.2d 703; Martin v. State, 148 Tex.

Cr.R. 232, 186 S.W.2d 80; Dimery v. State, 156 Tex.Cr.R. 197, 240 S.W.2d 293.

Appellant's initial contention is overruled.

■ Next she challenges the sufficiency of the evidence to sustain her conviction as to the primary offense.

Johnny Branson, owner of Oil Field Truckers, Inc., testified he locked and secured the office building of that company in Ector County between 5:30 and 6 p. m. on September 16, 1969. Driving past his building about 10:30 p. m. he saw law enforcement officers there, he stopped and discovered the building had been broken into and entry gained through a restroom window. He related that some checks, check stubs, receipts, petty cash change and Coke machine change had been taken by someone without his consent. Branson testified a company check made payable to John Morrison and dated June 4, 1969, had been taken from his middle desk drawer. This check was marked State's Exhibit #1. He testified that Morrison, an employee, had died on June 6, 1969, and that he simply retained the check until locating the next of kin.

Olive Gardner, bookkeeper for Oil Field Truckers, Inc., corroborated Branson's testimony that the Morrison check was in the desk drawer and she had seen it there on the afternoon of September 16. About 9:45 p. m. on that date she received a telephone call and had gone to the A. L. Davis grocery store where she was shown the check made payable to Morrison and observed that the checks had been endorsed, there having been no endorsement on the check earlier in the day.

Carlos Marie Baker, an employee of the Davis grocery store, testified the appellant came to the store about 10 p. m. on September 16, 1969, and after picking out some groceries and cigarettes asked her to cash the check marked for identification as State's Exhibit #1. She told the witness Baker the check belonged to her husband. Since the appellant had no identification and because of the date of the check, Baker asked the assistant manager to "okay" the check, and he in turn took the check to the store's manager.

Doyle Beck, the manager, related that the assistant manager felt something was wrong with the check and wanted to check it out, and that he went to talk to the appellant trying to detain her. He related the appellant acted "kind of nervous and fidgety" and when he asked where her husband got the check the appellant said she would call him. She was offered the store's phone, but declined saying she had to check on her children in the car. Beck followed and observed the appellant run to a car containing two young men about 25 years of age, and drive off without any headlights on. He telephoned a description of the car and its license number to the police. A short time later the appellant was arrested by one of the investigating officers for driving without a driver's license and her sole male companion at the time was arrested for drunkenness. The car was impounded. A search of the vehicle the next morning by virtue of a warrant revealed torn pieces of Oil Field Truckers, Inc.'s checks.

A fingerprint was lifted from State's Exhibit #1 and was shown to be identical with a known print of the appellant.

Appellant did not testify but called her cousin who testified she saw the appellant at a dance although when she looked for the appellant around 10 p. m. on the date in question she did not see her.

The court charged on the law of circumstantial evidence and on the defense of alibi.

The jury by its verdict rejected the defensive theory and we agree the evidence is sufficient to sustain the verdict.

"The rule as to the possession of recently stolen property is the same in burglary cases as in theft cases. Where the

State shows that a burglary has been committed by someone and the defendant is shortly thereafter found in possession of all or a part of the property taken, and makes no reasonable explanation thereof or reasonable contention as to such possession, the facts are sufficient to support a conviction." 4 Branch's Ann.P.C., 2d ed., Sec. 2537, p. 869. See also Adame v. State, Tex.Cr.App., 372 S.W.2d 545; Sharp v. State, Tex.Cr. App., 421 S.W.2d 663; Ysasaga v. State, Tex.Cr.App., 444 S.W.2d 305; Hall v. State, Tex.Cr.App., 450 S.W.2d 90.

Appellant's last contention is overruled.

The judgment is affirmed.