Gerald **GUERRA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–86–00585–CR.

Court of Appeals of Texas,
San Antonio.

July 31, 1987.

Lawrence L. Garcia, San Antonio, for appellant.

Fred G. Rodriguez, John Causy, Anthony Miller, Raymond J. Hardy, Jr., Criminal Dist. Attys., San Antonio, for appellee.

Before BUTTS, CANTU and CHAPA, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a conviction for attempted burglary of a habitation (repeater). *See* TEX.PENAL CODE ANN. §§ 30.-02, 15.01, 12.42. After a jury found appellant guilty of the offense charged, the trial court assessed punishment at fifteen years' confinement.

■ In his first point of error, appellant complains that "the trial court erred in charging the jury on an unproved enhancement allegation." This point of error is nonsensical, as the trial court and not the

jury assessed punishment, and therefore, no jury charge on the enhancement allegation was submitted. Furthermore, appellant pled true to the enhancement allegation, which waived any complaint on appeal. *Sylvester v. State*, 615 S.W.2d 734 (Tex.Crim.App.1981). Point of error one is overruled.

Appellant next complains that the trial court erred in allowing the State to misstate the presumptions and burdens of proof during voir dire examination. Specifically, appellant alleges that the State remarked during voir dire that in Texas when a burglary is attempted or committed during the evening hours there is a presumption of intent to commit theft.[1] Appellant concedes that no objection to this statement was made, but argues that such statement constitutes reversible error.

■ Appellant's failure to object waived error, if any, on appeal. *Esquivel v. State*, 595 S.W.2d 516 (Tex.Crim.App. 1980) (en banc). Additionally, appellant does not allege that the error, if any, contributed to the conviction or punishment. *See* TEX.R.APP.P. 81(b)(2). The record reflects sufficient evidence to support a finding that appellant intended to commit theft, *i.e.*, appellant was arrested on the complainant's property near the point of attempted entry, a pry bar was found at the scene and entry marks were on an opened window indicating an attempted entry. Further, the jury charge did not instruct the jury to apply the presumption, but rather provided a definition of intent to be utilized by them. We therefore find, that there is no reasonable possibility that the statement complained of could have contributed to the conviction. *White v. State*, 729 S.W.2d 737 (Tex.Crim.App.1987). Point of error two is overruled.

■ In his third point of error appellant alleges that the trial court erred in not allowing him to exercise his peremptory challenges. Appellant maintains that there was a "conflict of personalities" between

---

1. See such early cases as *Mullins v. State*, 35 Tex.Cr.R. 149, 32 S.W. 691 (1895); *Alexander v. State*, 31 Tex.Cr.R. 359, 20 S.W. 756 (1892) citing to 2 ARCHB.CR.PROC. & PL. p. 1107 for such proposition.

himself and his trial attorney, and that his attorney exercised the peremptory challenges without consulting with him. Appellant contends that he would have struck one of the jurors accepted based upon voir dire examination.

The record contains no evidence that the peremptory challenges were exercised without appellant's consultation or knowledge. Rather the record affirmatively reflects that appellant exercised all ten peremptory challenges as indicated by his attorney's signature. Thus the trial court did not refuse appellant's peremptory challenges. Point of error three is overruled.

In his last point of error, appellant complains that the trial court erred in failing to charge the jury on the lesser included offense of criminal trespass. This contention is also without merit. A charge on a lesser included offense is required only if the elements of the lesser included offense are included within the proof necessary to establish the offense charged, and if there is evidence to show that if the defendant is guilty, he is guilty only of the lesser charge. *Moreno v. State*, 702 S.W.2d 636 (Tex.Crim.App.1986) (en banc).

Although criminal trespass is a lesser included offense of burglary of a habitation, the evidence at trial sufficiently established that appellant committed an attempted burglary.[2] The evidence does not show that appellant is guilty only of the lesser offense. Consequently, the trial court did not err in failing to charge the jury on criminal trespass. Point of error four is overruled.

Appellant has presented no error requiring reversal. The judgment of the trial court is affirmed.

---

2. Appellant did not testify nor did he present   any evidence in his behalf.