### WYATT PATTON v. THE STATE.

No. 906. Decided January 25, 1911.

Rehearing Denied April 5, 1911.

**1.—Sodomy—Plea of Guilty.**

Where, upon trial of sodomy, defendant pleaded guilty after being fully and clearly admonished by the court, as required by law, and there was no showing in the record on appeal that any fraud had been practiced on defendant, there was no error.

**2.—Same—Denial of Counsel.**

Where, upon appeal from a conviction of sodomy, the record showed that the appellant had ample time and opportunity to employ counsel, but did not do so, there was no ground for reversal that he was denied counsel.

**3.—Same—Practice on Appeal—Motion for Rehearing—Presumption.**

Where the ground of complaint was for the first time set up in the motion for rehearing in the Appellate Court, the same can not be considered; and, therefore, the complaint that the jury consisted of more than twelve men, can not be presumed.

**4.—Same—Judgment—Sentence—Practice on Appeal.**

Where, upon appeal from a conviction of sodomy, it appeared from the record that the judgment of conviction and sentence were properly entered, the contention that the judgment of sentence was not numbered or dated and did not show that defendant was to be confined in the penitentiary was without merit; besides such matters must be complained of in the lower court and duly reserved by bill of exceptions.

**5.—Same—Evidence—Fixing Penalty.**

Upon trial of sodomy there was no error in permitting the State to introduce testimony for the purpose of furnishing the jury data to fix the penalty after defendant's plea of guilty; besides the lowest penalty was affixed and there was no injury to defendant.

Appeal from the District Court of Shelby. Tried below before the Hon. Tom C. Davis, Special Judge.

Appeal from a conviction of sodomy; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*H. E. Stephenson,* for appellant.—On the question of the plea of guilty: Woodall v. State, 58 Texas Crim. Rep., 513, 126 S. W. Rep., 591; Sanders v. State, 18 Texas Crim. App., 373.

Upon question that defendant was not tried by a legal jury: Woodall v. State, 58 Texas Crim. Rep., 513, 126 S. W. Rep., 591; Stell v. State, 14 Texas Crim. App., 59; 12 Cyc., 737.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—On September 10, 1908, the appellant was indicted for the offense of sodomy, alleged to have been committed February 10, 1908. The appellant was tried about February 27, 1910, plead guilty and the jury assessed his penalty at five years in the penitentiary. The State introduced only one witness whose testimony was sufficient to show the act of sodomy by the appellant, especially in connection with defendant's plea of guilty.

The judgment of the court and the bill of exceptions also shows clearly and fully that before the court would receive the plea of guilty the judge fully admonished the defendant in all of the particulars required under the statute. The defendant still persisting in his plea of guilty, the court accepted it and soon after the verdict sentenced him. The appellant was not represented by an attorney.

Some two weeks after his conviction and sentence he had an attorney to file a motion for new trial for him on several grounds. First, because he had been denied counsel as to his defense. There is nothing in this contention because the record does not show he was denied counsel.

The second ground is that he was induced to plead guilty because one Pearce, for whom he had worked for about a year, told him that if he plead guilty he would receive the lowest penalty, two years, and if he fought the case the jury would fix his term at fifteen years. The defendant having plead guilty after the court fully and clearly admonished him as required by law, can not afterwards successfully claim any such ground for a new trial, and this case does not come within any of the cases where fraud was practiced on the defendant to induce him to plead guilty.

The third ground is newly discovered evidence. No diligence whatever is shown to procure such evidence and the claimed newly discovered evidence set out is more in the nature of impeaching the State's witness and of the State's witness' claimed admissions to the party who proposed to testify thereto, than of any pertinent new evidence. In his motion for new trial, which defendant swore to, he states he did not know of this evidence before, but on the hearing of his motion he testified, and not only failed to show any diligence whatever to get this testimony, but failed to show that he did not know the same thing before.

The district attorney in the court below objected to the consideration of the motion for new trial by the lower court on various grounds. However, the district judge heard the motion, heard the

evidence thereon and denied the motion.  There is no reversible error pointed out in the record.  Hence, the case is affirmed.

*Affirmed.*

ON REHEARING.

April 5, 1911.

PRENDERGAST, Judge.—The appellant has filed a motion and a supplemental motion for rehearing, insisting that the court erred in affirming this case in holding, "That because the appellant plead guilty after the court had fully and clearly admonished him, as required by law, he can not afterwards claim any such grounds for a new trial."  Also that the record shows that the appellant was denied counsel.  Also that the record does not affirmatively show that the jury was composed of twelve men, claiming that it might have been composed of thirteen or more.  Also because the judgment of sentence is not numbered, that only by circumstances can it be construed to apply to the appellant in this case, and that as it is not dated it does not show that it was not passed before the two days elapsed in which the appellant was allowed to file a motion for new trial, and it does not show that the appellant waived the two days and that the sentence does not show that he is to be confined in the penitentiary of this State according to the laws governing the same.  Article 817 of the Code of Criminal Procedure, says: "New trials in cases of felony shall be granted for the following causes and for no other.  First, where the defendant has been tried in his absence or has been denied counsel."  The claim in this case is that the appellant was denied counsel.  This statute contemplates that such denial, if it occurs, should be by the court or by the State in some way.  This record instead of showing that he was denied counsel, on the contrary, if it shows anything, clearly shows that he had ample time and opportunity to employ counsel, and if he did not do so it was no fault of the court or the State, either directly or indirectly.  Hence, he has no ground of complaint on that score.  The judgment and record shows that before he plead guilty the court admonished him in every particular and particularly as required under articles 554-5 of the Code of Crim. Proc., before the court would accept his plea of guilty.  Even in introducing the confession of a defendant this court in the case of Rice v. State, 22 Texas Crim. App., 654, says:

"The only serious question is, was the plea a voluntary confession? It is contended by defendant's counsel that it was not, because the defendant was induced to make said plea by the advice of Mansker, the owner of the (stolen) horse, that 'it would go better with him' to so plead.  Under the earlier decisions upon this subject the objection to the confession would perhaps be well taken, but the almost universally recognized doctrine now is that to render a confession inadmissible upon the ground that it was induced by the promise of some benefit to the accused, such promise must be positive, *and must*

*be made or sanctioned by a person in authority.* It must also be of such character as would be likely to influence the accused to speak untruthfully. (Whart. Cr. Ev., sec. 651, et seq.; Thompson v. The State, 19 Texas Crim. App., 595.) The confession in this case is not within the rule stated, and was, we think, a voluntary confession within the meaning of the statute, made after the defendant had been duly cautioned that it might be used against him, and it was not error to permit said confession to be proved." This case has been followed uniformly and many times by this court.

The other grounds of complaint are for the first time set up in the motion for rehearing herein, which was filed on February 8, 1911, and the supplemental motion for rehearing, which was not filed till March 28, 1911. Article 904, Code Crim. Proc., gives this court the power and authority to reverse and remand a cause for a new trial, but expressly provides that "this court shall presume, among other things, that the jury was properly empaneled and sworn, unless it was made an issue in the court below and it affirmatively appears to the contrary by a bill of exceptions properly signed and allowed by the judge of the court below." The judgment of conviction, among other things, states: "Thereupon a jury, to wit: ————— and eleven others was duly selected and sworn," etc. The contention is that because there is a space left to put in a name for the twelfth man, who is always the foreman, that this court ought to presume that there were thirteen or more men constituting the jury. Such a presumption, if it could be indulged by this court would be a violent one not justified by the record, the law or the facts.

The contention that the judgment of sentence was not numbered nor dated, nor shows that the appellant was to be confined in the penitentiary has no merit whatever. The judgment of conviction entered clearly states that the appellant is guilty as confessed by him in his plea of guilty and his punishment "having been fixed by the jury at five years confinement in the penitentiary," he is to be punished "by confinement in the penitentiary for five years." The judgment of sentence recites in substance the judgment of conviction and in pronouncing the sentence is as follows:

"It is the order of the court that the defendant, Wyatt Patton, who has been adjudged to be guilty of sodomy, and whose punishment has been assessed by the verdict of the jury at confinement in the penitentiary for five years, be delivered by the sheriff of Shelby County, Texas, immediately, to the superintendent of the penitentiaries of the State of Texas, or other person legally authorized to receive such convicts, and the said Wyatt Patton shall be confined in said ————— for five years, in accordance with the provisions of the law governing the ————— of said State, and the said Wyatt Patton is remanded to jail until said sheriff can obey the directions of this sentence. But inasmuch as the defendant has given notice of an appeal to the Court of Criminal Appeals this sentence shall

stand suspended until this appeal can be heard and acted upon by said Court of Appeals and its mandate can be received and filed by the clerk of this court." The very object of the statute in requiring that such matters shall be complained of in the lower court and shown to this court by bill of exception is that the lower court may correct any such minor defects as are complained of herein. None of them are material to the defendant in any such way as to show that this court ought to reverse this case.

So far as the evidence that was introduced was concerned on his plea of guilty, it was only introduced for the purpose of furnishing the jury data to fix the penalty. If there are circumstances of aggravation the jury are thereby enabled to fix a higher than the lowest penalty. In this case the lowest penalty was affixed so that no injury whatever has occurred to appellant on that account.

The motion and supplemental motion for rehearing are overruled.

*Overruled.*