## MERRITT GILES v. STATE.

### No. 2130. Decided December 11, 1912.

**Burglary—Motion for New Trial—Practice on Appeal.**

Where the motion for new trial is not verified other than by the fact that appellant swore to the motion, and the matters raised therein were not reserved by bill of exceptions, there was nothing to review and the judgment must be affirmed.

Appeal from the Criminal District Court of Dallas No. 2. Tried below before the Hon. Barry Miller.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary of a railroad car, his punishment being assessed at two years confinement in the penitentiary.

The grounds of the motion for a new trial are not verified other than by the fact that appellant swore to the motion. The first ground of the motion sets out the fact that he was taken on surprise in that his attorneys who had been employed by his relatives refused to go into the case at the last moment and before he had opportunity to employ other counsel; that he was deprived of any witnesses by reason of that fact; that he could establish a defense by several witnesses whose names are mentioned, and by whom he could prove an alibi. This is in no way verified except by his personal affidavit. The attorneys who were supposed to have been employed by his relatives were not brought before the court, nor was any evidence offered to show that his statement was true. A judgment of conviction usually will not be set aside simply upon the affidavit of counsel without veri-

fication in some manner by bill of exceptions or facts introduced to show the truthfulness of the statement. By the second ground of the motion he says he could show he was arrested by a policeman named Briggs, and that on the trial Hardy swore that he was the man who arrested defendant. He says this was a material issue, and that he was entitled to have the jury pass on this testimony. These matters are all too late when raised in the motion for new trial, and in the absence of the testimony and bills of exception, which are not sent up with the record, we cannot intelligently revise any of these questions.

The judgment is affirmed.

*Affirmed.*