### CAL WALKER v. THE STATE.

No. 3803.   Decided December 1, 1915.

Rehearing denied January 5, 1916.

**1.—Theft of Cattle—Sufficiency of the Evidence.**

Where, upon trial of theft of a cow, the evidence was sufficient to sustain a conviction, there was no reversible error.

**2.—Same—Mistake—Charge of Court.**

Where, upon trial of theft of a cow, the evidence was perhaps sufficient to raise the question whether or not the cow the defendant sold was taken by him by mistake, and this phase of the case was properly submitted in a requested charge, there was no error in the court's refusal of other requested charges, some of which did not present the law applicable to this case on that subject.

**3.—Same—Requested Charges—Words and Phrases.**

Where, upon trial of theft of a cow, the court submitted requested charges by the defendant, it was proper in the same connection on the same subject to submit requested charges by the State, and the objections that the use of the word "conjecture" was improper, is untenable as the statute uses this word; besides, the objections to the charge of the court came too late.

**4.—Same—Charge of Court—Alibi—Principals.**

Where, upon trial of theft of cattle, the evidence raised the question of principals and the court submitted thereon the law of principals, and a charge on alibi which was not really raised by the evidence, would have been in direct conflict with the court's charge on principals, there was no error in the court's failure to charge on alibi. Following Dillard v. State, 77 Texas Crim. Rep., 1, and other cases.

**5.—Same—Supplemental Motion for a New Trial—Practice on Appeal.**

Where the defendant presented a supplemental motion for new trial to the trial judge long after the time for filing a motion for new trial and after notice of appeal had been given and entered, and no request was made to withdraw the notice of appeal, there was no error in the court's refusal to give permission to file this supplemental motion to act on the same after having read it. Following Tores v. State, 74 Texas Crim. Rep., 37.

Appeal from the District Court of Tarrant. Tried below before the Hon. Jas. W. Swayne.

Appeal from a conviction of the theft of a cow; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. H. Smith* and *H. D. Wood,* for appellant.—On question of supplemental motion for rehearing and withdrawing notice of appeal: Collins v. State, 75 Texas Crim. Rep., 534, 171 S. W. Rep., 729, Bundick v. State, 59 Texas Crim. Rep., 9.

On question of refusal of requested charges: Wheeler v. State, 34 Texas Crim. Rep., 350; Young v. State, 37 id., 457.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of requested charges: Cain v. State, 42 Texas Crim. Rep., 210; Branch on Crim. Law, sec. 21.

PRENDERGAST, Presiding Judge.—Appellant was convicted of cow theft and assessed the lowest punishment.

We see no necessity of any statement of the evidence. It was amply sufficient to sustain the verdict on any and all theories and questions raised.

From the appellant's standpoint the evidence was perhaps sufficient to raise the question of whether or not the cow he had and sold was taken by mistake for a cow he claimed to have owned. But in any event, this question was properly submitted by the court in a special charge requested by him in the very language he requested it. The court, therefore, committed no error in refusing to give his other charges on that subject, even if they had been presented at a time to

have required the court to have passed upon them at all. Some of them, perhaps all other than the one given by the court, did not present proper propositions of law applicable to this case.

When the court gave the said special charge of appellant on said subject it was not only proper but necessary to give in the same connection the special charge requested by the State defining in the very terms of the statute (P. C., arts 46-47) the law about mistake. Appellant's only objection to this charge at the time was in effect to the use of the word *conjecture*. His objection was untenable. The charge was a quotation of the statute, which uses the word *conjecture* in precisely the language in the charge. The special charge in the latter paragraph also quoted substantially, if not literally, article 52, Penal Code. No objection whatever was made to that paragraph of the charge before the trial. His objection made after the trial is too late under the very terms of the statute.

In our opinion, the court did not err in refusing appellant's special charge on the subject of alibi. A charge on that subject was inapplicable in this case. The testimony raised, and the court properly submitted, the law of principals in the case, to which appellant made no objection. As the testimony raised, and the court charged on, the subject of principals, a charge on alibi would have been in direct conflict and was not really raised by the testimony at all. Dillard v. State, 77 Texas Crim. Rep., 1, 177 S. W. Rep., 99 et seq., and authorities therein cited. Smith v. State, 21 Texas Crim. App., 107; Cook v. State, 14 Texas Crim. App., 96; Bean v. State, 17 Texas Crim. App., 61; Welsh v. State, 3 Texas Crim. App., 413; Scales v. State, 7 Texas Crim. App., 361; McKean v. State, 7 Texas Crim. App., 631; McCampbell v. State, 9 Texas Crim. App., 124; Cohea v. State, 9 Texas Crim. App., 173, and numerous other cases cited in the opinion in Smith v. State, supra. The opinion in the Smith case is quoted at length in the case of Dillard v. State, supra. Many other cases are cited in the Dillard and Smith cases applicable and in point.

The term of court at which this case was tried convened on April 5, 1915, and adjourned on July 3, 1915. The case was tried and the verdict rendered on April 22, 1915. Within two days thereafter appellant filed his motion for a new trial. On April 24 he filed an additional motion for new trial. These were heard and overruled by the court on May 6, 1915, at which time he duly excepted, and gave notice of appeal to this court; which judgment overruling his motions, his exception and notice of appeal were then duly entered. Still later, on May 19, 1915, appellant made a motion requesting the court to permit him to file another supplemental motion. This and the supplemental motion were presented to the judge without filing. The judge endorsed and signed thereon: "I refuse to give permission to file this motion or to act on same after having read same. Deft. excepts this 5/19/1915." It seems that one month later the same motion was again presented to the judge, who again on that date made and signed the same endorsement thereon. There was no request at any time or

in any way, by the appellant to withdraw his notice of appeal. Under these circumstances, the court's action in refusing to permit him to file said motion was correct. This question has been repeatedly held against him by this court. The latest case is Tores v. State, 74 Texas Crim. Rep., 37, 166 S. W. Rep., 523. It is unnecessary to discuss the question again.

These are the only questions briefed and also orally argued by appellant when this cause was submitted. They embrace substantially all the material questions he has raised. He, however, stated in oral argument, and it is also in his brief, that the other questions raised by him are not waived, and asked the court to consider them. We have examined all of his claimed errors, but none of them show any reversible error.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied January 5, 1916.—Reporter.]