TOM HOLDEN v. THE STATE.

No. 6200.   Decided May 25, 1921.

Rehearing denied June 22, 1921.

1.—Murder—Attorney and Client—Representation by Counsel.

It is not obligatory upon the courts of this State to appoint counsel for one accused of crime unless he be charged with a capital offense, or it appear that he is insane, or that he desires an application to be presented for his suspended sentence, and abandonment of defendant's case by his counsel is no cause for a new trial. Following Giles v. State, 68 Texas Crim. Rep., 612.

2.—Same—Rule Stated—Representation by Counsel.

Unless deprived of counsel, by the action of the State, or some outside influence over which the accused had no control. failure to be represented by attorney will not avail in an effort to have the judgment of conviction set aside. Following Patton v. State, 62 Texas Crim. Rep., 28, and other cases.

**3.—Same—Case Stated—Practice on Appeal.**

Where it did not appear from the record that appellant was insane, or that he was charged with a capital offense and that his plea of suspended sentence was not prepared and submitted to the jury, there was no reversible error on the contention of appellant that his attorney declined to go on with the case, the record showing that the court did appoint an attorney for the selection of the jury, etc.

**4.—Same—Evidence—Declarations by Defendant—Arrest.**

Where the statements in evidence made by the defendant were not shown to have been made to an officer, or to any person who had defendant in custody, or under such circumstances as would make the same inadmissible, there was no reversible error.

**5.—Same—Rehearing—Evidence—Declarations by Defendant.**

Although it appeared in a motion for rehearing that the statements made by the appellant were made to a justice of the peace, who was likely acting as a *de facto officer*, but also that a felony had been committed in his view by appellant before the latter made such statement, and in the absence of any objection made on the trial there was no error in admitting this testimony; besides, the defendant himself testified thereto.

**6.—Same—Representation by Counsel—Practice in Trial Court.**

Where it appeared from the record on appeal that the court learning of defendant's desire for suspended sentence appointed counsel to prepare an application therefor, and appointed another counsel to select his jury, defendant's contention that he was thereby misled into believing that such counsel would continue their services throughout the case is no ground for reversible error.

Appeal from the District Court of Comanche.    Tried below before the Honorable J. H. Arnold.

Appeal from a conviction of murder; penalty, eight years' imprisonment in the penitentiary.

The opinion states the case.

*Smith & Woodruff*, for appellant.—On question of declarations of defendant: Warren v. State, 29 Texas, 369; Harriss v. State, 174 S. W. Rep., 354; Bronson v. State, 127 id., 175.

On question of representation by counsel: Hamilton v. State, 168 S. W. Rep., 536; Patton v. State, 62 Texas Crim. Rep., 28; Cobb v. State, 71 id., 397.

*R. H. Hamilton*, Assistant Attorney General, for the State.—On question of declarations by defendant: Giles v. State, 151 S. W. Rep., 1043; Estrada v. State, 29 Texas Crim. App., 169; Gibbs v. State, 30 id., 581.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Comanche County of assault to murder, and his punishment fixed at confinement in the penitentiary for a period of eight years.

There are no exceptions to the court's charge, and none to the reception or rejection of evidence, and no question is raised as to any

other matters save the error of the court in overruling appellant's motion for new trial. In said motion it is set up that appellant had employed counsel, but that about five minutes before the case was called for trial said counsel informed him that he would not appear on appellant's behalf, and that appellant had better throw himself on the mercy of the court. When the case was called, appellant stated to the court that he thought he had an attorney, but such attorney had declined to go on with the case. The court appointed an attorney who assisted appellant in the selection of a jury but who went no further in the trial.

In said motion, in addition to the claim that he had no counsel, appellant raised the question of the admissibility of certain evidence referred to, and the correctness of certain parts of the charge of the court.

It is not obligatory upon the courts of this State to appoint counsel for one accused of crime, unless he be charged with a capital offense, Art. 558, Vernon's C. C. P., or it appear that he is insane, Art. 1021, id., or that he desires an application to be presented for a suspended sentence. Abandonment of appellant's case by his counsel has been held no cause for a new trial. Giles v. State, 68 Texas Crim. Rep., 612, 151 S. W. Rep:, 1043, and unless deprived of counsel by the action of the State, or some outside influence over which he had no control, failure to be represented by attorney will not avail in an effort to have the judgment of conviction set aside. Patton v. State, 62 Texas Crim. Rep., 28; Cobb v. State, 71 Texas Crim. Rep., 397; Mullens v. State, 35 Texas Crim. Rep., 149.

It would ordinarily follow that an enumeration of those instances in which the trial court must appoint counsel, would exclude cases not falling in such enumeration. It does not appear from this record that appellant was insane, and it does appear that he was not charged with a capital offense, and that his plea of suspended sentence was prepared, presented and duly submitted to the jury. It is not even shown why counsel had by appellant prior to the call of his case for trial, refused to proceed therewith. Was it because his fee was not paid? Was it because he had concluded that he could be of no material assistance to appellant? No fraud or misrepresentation is attributed to said counsel, or charged by appellant against the State, nor is anything shown that would intimate or suggest that his failure to have counsel was due to any influence over which he had no control.

We have no discretion given us by our statute in such case. If we had, appellant makes no such showing in his motion for new trial as to make it appear that he was not fairly tried. The statements in evidence made by him to one Hamilton after the shooting, were not shown to have been made to an officer, or to any person who had appellant in custody, or under such circumstances as would make the same inadmissible. In the absence of a showing to the contrary, the

presumption of this court necessarily would be in favor of the admissibility of such statements.

This record presents no such case as calls for a reversal, and an affirmance is ordered.

*Affirmed.*

ON REHEARING.

June 22, 1921.

LATTIMORE, JUDGE.—In his motion for rehearing appellant attacks the accuracy of some statements made by us in the original opinion with reference to the fact that appellant was not under arrest at the time he made certain statements and given in testimony. What we said in the opinion was not accurate, and any mention of the matter at all was superfluous and should not have been indulged. The witness to whom the statements were made by appellant was a justice of the peace, and it is likely from a closer inspection of the statement of facts that he was acting as a *de facto* officer, in any event; a felony having been committed in his view by appellant before the latter made the statement testified to by said witness. However, in the absence of any objection made on the trial of the case, this court would not be in a position to say that any error was committed in the admission of said testimony. The matters testified to by said witness appear to have been in most particulars stated by appellant himself while on the witness stand. There was no sort of question in the record of the fact that appellant shot the injured party, nor of the fact that his pistol snapped. If it were necessary to discuss that matter further we would feel inclined to hold much of said statement made by appellant to said witness as *res gestae* of the transaction and, therefore, admissible.

We confess ourselves unable to see any force in appellant's contention that he was deprived of counsel by the action of the State. He was before the court without any attorney. The court learning of his desire for suspended sentence appointed counsel to prepare an application therefor for him. This did not justify the accused in believing that said counsel was appointed to represent him during the entire case, nor would the fact that he may have entertained such belief justify us in reversing this case, and what we have just said would apply to the fact that the judge presiding appointed another lawyer to assist appellant in selecting a jury. One accused of crime may not go through a trial, after having the benefit of consultation and advice from counsel of his own choice, who sees fit to abandon the case when the trial is ready to begin,—and thereafter assert that because a merciful trial court appoints counsel for him to prepare some pleading or to assist him in the selection of a jury, therefore, he may plead that he was thereby misled into believing that such counsel would continue their services, when, so far as we know, they withdrew when they had finished the task request-

ed of them by the trial court, and without any possibility of misunderstanding.

We are unable to find any error complained of in said motion for rehearing which leads us to conclude that it should be granted, and the same is accordingly overruled.

*Overruled.*