§ 338; Mercer v. State, 66 S. W. 556; Rosa v. State, 86 Tex. Cr. R. 650, 218 S. W. 1056; Cyc. of Law & Proc. vol. 12, p. 572, note 67; Wyatt v. State, 58 Tex. Cr. R. 115, 124 S. W. 929, 137 Am. St. Rep. 926.

[3] There is an allegation in the motion for new trial of the misconduct of the jury, but in view of the fact that the order on the motion for new trial states that witnesses were heard by the court in passing upon the motion, the finding against the motion is conclusive on appeal, in the absence of a bill of exceptions or statement of facts bringing forward the evidence.

Persuaded by the record that the evidence of other offenses was improperly received, sure that it was calculated to prejudice appellant's case, uncertain of the weight which was given it by the jury and the extent to which it influenced their verdict, we feel that we would not be warranted in affirming the judgment. Its reversal is therefore ordered.

---

## HOLDEN v. STATE.  (No. 6200.)

(Court of Criminal Appeals of Texas.  May 25, 1921.  Rehearing Denied June 22, 1921.)

1. **Criminal law** ⬚641(3) — **Appointment of counsel for accused unnecessary, unless charged with a capital offense, or insane, or desiring to present application for suspended sentence.**

It was not obligatory on the court to appoint counsel for one accused of crime, unless he be charged with a capital offense (Vernon's Ann. Code Cr. Proc. 1916, art. 558), or it appear that he is insane (article 1021), or that he desires an application to be presented for a suspended sentence.

2. **Criminal law** ⬚918(9)—**Absence of defendant's counsel not cause for new trial, unless deprived of counsel by state's action or outside influence beyond defendant's control.**

Abandonment of a defendant's case by his counsel is no cause for new trial, unless the defendant was deprived of counsel by the action of the state or some outside influence over which he had no control.

3. **Criminal law** ⬚918(9)—**New trial for absence of counsel held properly denied.**

Where defendant was not insane, and not charged with a capital offense, and his plea of suspended sentence was prepared, presented, and duly submitted to the jury, and it is not shown why counsel, had by appellant prior to the call of his case for trial, refused to proceed therewith, and no fraud or misrepresentation is attributed to said counsel, or charged against the state, and it is not shown that his failure to have counsel was due to any influence over which he had no control, failure of counsel to appear and defend will not warrant the granting a new trial.

---

⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Criminal law ⚚⟹1144(12)—In the absence of contrary showing, presumption is in favor of the admissibility of evidence objected to.**

In a prosecution for assault to murder, in the absence of a contrary showing, the presumption of the Court of Criminal Appeals necessarily would be in favor of the admissibility of statements made by the defendant to another after the shooting, not shown to have been made to an officer or to any person who had appellant in custody, or under other circumstances which would make the same inadmissible.

### On Motion for Rehearing.

**5. Criminal law ⚚⟹1036(1)—Assignment of error held not reviewable for lack of objection on trial.**

An assignment objecting to the testimony of a justice of the peace as to statements made just after the shooting by the defendant, convicted of assault to murder, where the felony was committed in view of such witness, cannot be considered, in the absence of any objection made on the trial of the case, particularly where there was no question as to defendant's having shot the injured party, and such statements were probably admissible as res gestæ.

**6. Criminal law ⚚⟹641(1)—Trial court's appointment of counsel to prepare pleading and select jury held not to have misled defendant into believing that they would continue their services.**

Defendant, convicted of assault to murder, having had the benefit of consultation and advice from counsel of his own choice, who abandoned his case when the trial was ready to begin, and of counsel appointed by the court in preparing an application for suspended sentence, and of another counsel appointed by the court to aid in selecting a jury, cannot plead that he was thereby misled into believing that such counsel would continue their services, when, so far as is shown, they withdrew when they had finished the task requested of them by the trial court, without any misunderstanding.

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Tom Holden was convicted of assault to murder, and he appeals. Affirmed.

Smith & Woodruff, of Comanche, for appellant.

R. H. Hamilton, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Comanche county of assault to murder, and his punishment fixed at confinement in the penitentiary for a period of eight years.

There are no exceptions to the court's charge, and none to the reception or rejection of evidence, and no question is raised as to any other matters, save the error of the court in overruling appellant's motion for new trial. In said motion it is set up that appellant had employed counsel, but that about five minutes before the case was called for trial said counsel informed him that he would not appear on appellant's behalf, and that appellant had better throw himself on the mercy of the court. When the case was called, appellant stated to the court that he thought he had an attorney, but such attorney had declined to go on with the case. The court appointed an attorney who assisted appellant in the selection of a jury, but who went no further in the trial.

In said motion, in addition to the claim that he had no counsel, appellant raised the question of the admissibility of certain evidence referred to, and the correctness of certain parts of the charge of the court.

[1, 2] It is not obligatory upon the courts of this state to appoint counsel for one accused of crime, unless he be charged with a capital offense (article 558, Vernon's C. C. P.), or it appear that he is insane (article 1021, Id.), or that he desires an application to be presented for a suspended sentence. Abandonment of appellant's case by his counsel has been held no cause for a new trial. Giles v. State, 68 Tex. Cr. R. 612, 151 S. W. 1043. And unless deprived of counsel by the action of the state, or some outside influence over which he had no control, failure to be represented by attorney will not avail in an effort to have the judgment of conviction set aside. Patton v. State, 62 Tex. Cr. R. 28, 136 S. W. 42; Cobb v. State, 71 Tex. Cr. R. 397, 160 S. W. 78; Mullens v. State, 35 Tex. Cr. R. 149, 32 S. W. 691.

[3] It would ordinarily follow that an enumeration of those instances in which the trial court must appoint counsel would exclude cases not falling in such enumeration. It does not appear from this record that appellant was insane, and it does appear that he was not charged with a capital offense, and that his plea of suspended sentence was prepared, presented, and duly submitted to the jury. It is not even shown why counsel, had by appellant prior to the call of his case for trial, refused to proceed therewith. Was it because his fee was not paid? Was it because he had concluded that he could be of no material assistance to appellant? No fraud or misrepresentation is attributed to said counsel, or charged by appellant against the state; nor is anything shown that would intimate or suggest that his failure to have counsel was due to any influence over which he had no control.

[4] We have no discretion given us by our statute in such case. If we had, appellant makes no such showing in his motion for new trial as to make it appear that he was not fairly tried. The statements in evidence made by him to one Hamilton after the shooting were not shown to have been made to an officer, or to any person who had appellant in custody, or under such circumstances as

---

⚚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

would make the same inadmissible. In the absence of a showing to the contrary, the presumption of this court necessarily would be in favor of the admissibility of such statement.

This record presents no such case as calls for a reversal, and an affirmance is ordered.

### On Motion for Rehearing.

[5] In his motion for rehearing appellant attacks the accuracy of some statements made by us in the original opinion with reference to the fact that appellant was not under arrest at the time he made certain statements and given in testimony. What we said in the opinion was not accurate, and any mention of the matter at all was superfluous, and should not have been indulged. The witness to whom the statements were made by appellant was a justice of the peace, and it is likely from a closer inspection of the statement of facts that he was acting as a de facto officer, in any event; a felony having been committed in his view by appellant before the latter made the statement testified to by said witness. However, in the absence of any objection made on the trial of the case, this court would not be in a position to say that any error was committed in the admission of said testimony. The matters testified to by said witness appear to have been in most particulars stated by appellant himself while on the witness stand. There was no sort of question in the record of the fact that appellant shot the injured party, nor of the fact that his pistol snapped. If it were necessary to discuss that matter further, we would feel inclined to hold much of said statement made by appellant to said witness as res gestæ of the transaction, and therefore admissible.

[6] We confess ourselves unable to see any force in appellant's contention that he was deprived of counsel by the action of the state. He was before the court without any attorney. The court, learning of his desire for suspended sentence, appointed counsel to prepare an application therefor for him. This did not justify the accused in believing that said counsel was appointed to represent him during the entire case, nor would the fact that he may have entertained such belief justify us in reversing this case, and what we have just said would apply to the fact that the judge presiding appointed another lawyer to assist appellant in selecting a jury. One accused of crime may not go through a trial, after having the benefit of consultation and advice from counsel of his own choice, who sees fit to abandon the case when the trial is ready to begin, and thereafter assert that, because a merciful trial court appoints counsel for him to prepare some pleading or to assist him in the selection of a jury, therefore he may plead that he was thereby misled into believing that such counsel would continue their services, when, so far as we know, they withdrew when they had finished the task requested of them by the trial court, and without any possibility of misunderstanding.

We are unable to find any error complained of in said motion for rehearing, which leads us to conclude that it should be granted, and the same is accordingly overruled.