## HARRY L. GRUBB v. THE STATE.

No. 8842.   Delivered Jan. 21, 1925.

1.—Transporting Intoxicating Liquors—Indictment—"Transport"—Meaning of.

Appellant attacks the validity of the indictment on the ground that the word "transport" as used in the statute is not sufficiently comprehensive. The legislature has not seen fit to define the word transport. Its legal meaning is pointed out in numerous cases, in which it is deemed sufficient to meet the requirements of the law. See Lee v. State, 255 S. W. Rep. 425.

2.—Same—Swearing the Jury.

Appellant asserts in his motion for a new trial that the oath administered to the jury was not in the language of Art. 714, C. C. P. No bill of exception presenting the complaint appears in the record. It is esential that the jury be sworn in substantial compliance with the oath prescribed by statute. In the absence of an affirmative showing to the contrary the presumption is indulged that such oath was so administered.

Appeal from the District Court of Refugio County.   Tried below before the Hon. Jno. M. Green, Judge.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Chambliss & Baker,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Appellant entered a plea of guilty. He testified in his own behalf to facts showing that he transported liquors and reveals in his evidence no legal excuse or justification therefor. The State's evidence also shows his guilt and indicates a guilty knowledge.

On this appeal the indictment is attacked upon the ground that the statutory language, namely, that the word "transport" is not sufficiently specific to comply with the constitutional demand that one be advised of the offense with which he is charged. The Legislature has not seen fit to define the word "transport." It has, however, a legal definition which has been pointed out in various cases and which is deemed sufficient to meet the requirements of the law. See Lee v. State, 255 S. W. Rep., 425.

It is asserted in the motion for new trial that in swearing the jury to try the case the oath administered was not in the language prescribed by Art. 714, C. C. P. According to the averment in the motion in which the language used is set out, there was no substantial difference between that used in the statute and that used by the court in swearing the jury. However, there was no objection made at the time to the form of oath administered; nor is there any bill of exceptions showing that other than the statutory oath was given. It appears that appellant asserted only in the motion for new trial that the language used was slightly different from that set out in the statute. It is essential that the jury be sworn in substantial accord with the oath prescribed by statute. Howard v. State, 80 Texas Crim. Rep., 588. In the absence of an affirmative showing to the contrary, the presumption is indulged that such oath was administered. Patton v. State, 62 Texas Crim. Rep., 28.

We fail to find in the motion for new trial any legal reason for reversing the judgment. Especially is this true since the lowest penalty was assessed under the plea of guilty. A verdict more favorable to the appellant could not have been rendered.

The judgment is affirmed.

*Affirmed.*