JACK STANFIELD V. STATE.

No. 24044. May 12, 1948.
Rehearing Denied June 25. 1948.
Appellant's Application for Permission to File Second Motion for Rehearing Denied October 13, 1948.

Hon. C. D. Russell, Judge Presiding.

*Nelson & McCleskey,* of Lubbock for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of personal property over the value of Fifty Dollars. The punishment assessed is confinement in the state penitentiary for a term of two years.

The evidence adduced by the state, briefly stated, shows that appellant accompanied by M. C. Carter and George Hill went to the home of Domingo Ramos about 3 A. M. on January 17th, 1947, aroused him from his sleep, entered his home, and sought to induce him to engage with them in a game of dice or poker. His wife, who had also been asleep, arose to prepare coffee while her husband was dressing, and she saw appellant pick up her husband's billfold which was lying on the bed and leave the house. She immediately told her husband that appellant had taken his billfold, and he got his pistol and restrained George Hill until the officers, who had been called by his wife, arrived. The empty billfold was found by a boy early the next morning who turned it over to his father who then delivered it to the officers.

After appellant and Carter had left the home of Ramos, he, appellant, gave Carter $30.00 and said that it was his, Carter's, part of the money which he, appellant, got down at the Mexican's house. The balance of $324.00 which Ramos said

he had in the billfold at the time was not recovered. Appellant did not testify or offer any affirmative defense.

After the trial, which resulted in his conviction, appellant filed a motion for a new trial in which he charged that he had been denied counsel to represent him in this cause, in this, that he was indicted many months ago; that he was told by several persons that the case was not going to be tried; that he was not aware that it would be tried on the day it was tried; that when he was informed that he would be tried he requested that he be given sufficient time to secure counsel but that this request was denied by the court.

On the hearing of the motion, the court heard evidence relative to the allegations therein. Appellant, by his testimony supported his allegations in part. He admitted however, that his father read in the newspaper about a month prior to the trial that the case would be tried and informed him thereof but he failed to go to see Mr. Dean who represented him and George Hill at the examining trial. Mr. Dean testified that complaints were filed against appellant and George Hill charging them with theft of money from Domingo Ramos; that he agreed to represent both of them at the preliminary hearing for the sum of $100.00 which he did; that they were both in jail at the time; that the wives of the defendants made an effort to secure bondsmen but failed; that he then suggested that Mr. Williams some times made bonds but charged for doing so. Mr. Williams was contacted and he made bond for both prior to the return of an indictment and after the indictment was returned for which he charged $250.00. Thereafter, Mr. Dean had a conversation with appellant in which he told appellant that he had two indictments pending against him, one for theft, and one for running a gambling house; that he would represent him in both cases for the sum of $500.00 which would have to be paid before he went to the courthouse; that appellant thought the fee was excessive; that he never came back, paid not a penny of the fee and this led Dean to believe that perhaps he had obtained some other attorney to represent him. The court, at the conclusion of the evidence, overruled the motion. The court's action in this respect is fully sustained by the holding of this court in the cases of Mullens v. State, 35 Tex. Cr. R. 149 (32 S. W. 691); and Holden v. State, 89 Tex. Cr. R. 628 (232 S. W. 803).

The granting or denial of a motion for a new trial rests largely within the discretion of the court and unless it is made

to appear that the court abused his discretion with respect thereto, this court would not be justified in disturbing his judgment. We think that the evidence is ample to sustain the court's conclusion on the subject.

After appellant had perfected his appeal to this court by giving notice thereof and by entering into recognizance, he presented the trial court with six bills of exception for allowances and approval.

By his first bill of exception, he complains of the trial court's action in overruling his motion for a new trial. This question has been fully discussed hereinabove and we see no need for any further discussion thereof.

By Bill of Exception No. 2 he contends that he was denied his legal right to be present when the jury panel for the week was interrogated by the court as to their qualifications as jurors. This bill fails to show that appellant made any objections thereto or reserved any exceptions at the time, nor did he raise the question in his original motion for a new trial. However, he did attempt to raise the question in an amended motion which he filed after he had perfected his appeal which motion the court declined to consider for want of jurisdiction. He now seeks to raise this question by bill of exception. This, he cannot legally do under the facts as disclosed by the record. See Tores v. State, 74 Tex. Cr. R. 37 (166 S. W. 523); Walker v. State, 78 Tex. Cr. R. 237 (181 S. W. 191); and Humphries v. State, 79 Tex. Cr. R. 637 (186 S. W. 332).

By Bills of Exception Nos. 3 and 4 he undertakes to raise some questions relative to the court's charge. There were no objections made to the court's charge and no exceptions taken at the time. Hence, these matters are not properly brought before this court for review.

By Bill of Exception No. 5, he complains of the trial court's action in declining to grant his motion for leave to file an amended motion for a new trial because the court had lost jurisdiction of the case. We think this matter is fully disposed of by what we have said in disposing of Bill of Exception No. 2.

By Bill of Exception No. 6, he claims that he was put upon trial without the benefit of counsel. This bill is without merit. Moreover, the question raised by the bill was definitely disposed of in our discussion of his contention that the trial court

erred in overruling his original motion for a new trial. A further discussion of the question would only extend this opinion at greater length and would serve no useful purpose.

No error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant challenges the correctness of our conclusion that reversible error is not reflected in the action of the trial court in refusing his application for postponement of trial in order that he might secure counsel to represent him.

If we correctly understand appellant's position, it is that the action of the trial court required appellant to stand trial in a State court for a non-capital felony without the assistance of or being represented by counsel, which is a violation of the due process clause of the Fourteenth Amendment to the Federal Constitution. In other words, appellant contends that, under the holding of the Supreme Court of the United States, it is a violation of due process to try, without counsel, one accused of a non-capital felony in a State court.

Appellant, in support of his contention, cites the cases of Betts v. Brady, 316 U. S. 455, 86 L. Ed. 1595, 62 S. Ct. 1252, and Bute v. Illinois, 92 L. Ed. 735, by the Supreme Court of the United States.

We do not understand these cases to so hold; nor do the more recent cases of Wade v. Mayo, No. 40, (68 S. Ct. 1270) Townsent v. Burke, No. 542, (68 S. Ct. 1252) and Gryger v. Burke, No. 541 (68 S. Ct. 1256) each decided June 14, 1948, so hold.

In those cases, especially Wade v. Mayo, the necessity of appointing counsel in such cases rests upon the facts there present. As said in the Wade v. Mayo case, "Wade was an inexperienced youth incapable of adequately representing himself even in a trial which apparently involved no complicated legal questions."

We are unable, therefore, to reach the conclusion that the Supreme Court of the United States has held that due process requires the appointment of counsel in the trial of all non-capital State felonies. The facts incident to each individual case are determinative and may be such as to require the appointment of counsel.

In the instant case, we find nothing that would indicate that appellant was inexperienced and incapable of representing himself. He was a grown man. His cross-examination of the witnesses and the general conduct of the trial indicate his capability of conducting his own trial.

But our decision in this case does not rest upon the proposition of a denial of counsel to appellant, but rather upon the proposition of waiver, by appellant, of his right to representation by counsel. Here, appellant made no request of the trial court that counsel be appointed to represent him; he made no claim that he was too poor to employ counsel or that any contingency existed whereby he could not, himself, provide counsel. His request of the trial court was for a postponement of the trial until he could obtain counsel. It was the trial court's action upon this request in denying the postponement that we held not to be an abuse of the discretion lodged in him.

In addition to the facts set forth in our original opinion, we note that the trial court qualified the bill of exception presenting this matter by saying that "Defendant had known for some time when his case would be tried as shown by his testimony on motion for new trial. When the case was called he did not appear and the court had the Sheriff call Mr. Williams and the court suggested that he contact defendant and get him into court as his bond had been forfeited."

Appellant accepted the bill of exception, as qualified, and is bound by the facts stated in the qualification mentioned.

Accordingly, in appraising appellant's contention, we must accept as true that appellant knew for some time that his case would be tried at the time called. Moreover, the facts show that appellant was not tried for several months after the indictment was returned against him—during all of which time, appellant failed to secure counsel to represent him. While it is true that appellant claims he was led to believe that the case would never be tried, he knew that there was a case pending against him.

Ordinary diligence required that he arrange for counsel to represent him, if he wanted such representation.

It is our conclusion that appellant—and he, alone—is responsible for his failure to be represented by counsel upon the trial of the case. It would be a peculiar doctrine, indeed, to say that one charged by indictment with a felony in this State could sit by for months without employing counsel to represent him, and then, upon the day the case is called for trial, secure a further postponement of the trial to enable him to employ counsel, thereby rewarding non-diligence on the part of the accused. Yet, that is the position appellant here occupies.

It has long been the rule that equitable motions for postponement or continuance, such as here presented, are addressed largely to the discretion of the trial court.

Under the facts stated, together with the clear showing of guilt and the infliction of the minimum punishment by the jury, we remain convinced that reversible error is not reflected in overruling the appellant's motion to postpone.

Appellant insists that the members of the jury panel having been sworn to answer questions upon their voir dire examination, in his absence, constituted error because it was a proceeding in the trial of his case in his absence, violative of the provisions of Art. 580, C. C. P.

It appears that the members of the jury panel were sworn to answer questions, generally, as to their qualifications as jurors, and in the absence of the appellant, who was upon bail. Such oath is deemed a preliminary to and not a part of the trial proper. Appellant's case had not, at that time, been called for trial. After the case was called for trial, appellant appears to have been accorded the full opportunity of examining the prospective jurors.

We are unable to agree that the mere swearing of the members of the jury panel, upon their voir dire examination, was a proceeding in the trial of appellant's case, as that term is used in Art. 580, C. C. P.

Believing the case was correctly disposed of originally, the motion for rehearing is overruled.

Opinion approved by the Court.

ON APPELLANT'S SECOND MOTION FOR REHEARING.

**BEAUCHAMP, Judge.**

Appellant has filed an application for permission to file a second motion for rehearing. The ground set up in said motion, which appellant seeks to file, was not presented to this Court nor considered by it in the original submission, or the motion for rehearing.

It is alleged that the appellant took $120.00 "lawful money of the United States." The proof shows the amount of money, but none was offered to show that it was "lawful money of the United States." Relying upon an old line of authorities in which this Court did so hold for a great many years, it is sought through a second motion to have the case reversed. Reliance is had chiefly on Early v. State, 118 S. W. 1036, 56 Texas Crim. Rep. 61, and the authorities following it.

Attention is called to Bledsoe v. State, 210 S. W. (2d) page 165, in which the Early case and all others following it are specifically overruled. We think the correct doctrine was laid down in Neufield v. United States, 118 Federal (2d) 375, in which it was said, "A jury is entitled to draw reasonable inferences from the facts proved and to take language at its ordinary meaning." It is further reasoned that, " 'money' in common parlance means money of the United States." See also Guyon v. State, 89 Texas Crim. Rep. 287, 230 S. W. 408; Colter v. State, 37 Texas Crim. Rep. 284, 39 S. W. 576; People v. Fiereto, 135 N. E. 417, in which it is held that the word money imports value.

Appellant's application for permission to file a second motion for rehearing is denied.