NO.
12-06-00106-CR

                                                                        

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

KENNETH CHARLES
SAULSBERRY,    §          APPEAL FROM THE 

APPELLANT

 

V.        §          COUNTY
COURT AT LAW NO. 2 OF

 

THE STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Appellant
Kenneth Charles Saulsberry was convicted of assault, with a finding of family
violence, and sentenced to 360 days of confinement with a $1,000.00 fine.  In one issue, Appellant alleges that the
trial court abused its discretion by denying his motion for a continuance,
thereby depriving him of his right to counsel by forcing him to trial before he
had the opportunity to retain counsel. 
The State did not file a brief. 
We affirm.

 

Background

            On
September 12, 2005, Appellant, a Baptist minister, truck driver, and Hurricane
Katrina evacuee,[1] allegedly assaulted his wife, LaShonda Saulsberry, by
striking her with his hand.  Mrs.
Saulsberry reported this incident to the Tyler Police Department.  On January 5, 2006, Appellant was charged by
information with committing an assault involving family violence.  








            Appellant
was arraigned on January 20, 2006.  At
the arraignment, the trial court asked Appellant if he wished the court to
appoint a lawyer for him.  Appellant said
“No, sir.”  He also informed the trial
court that he was “in the process of hiring attorney, Kyle Beale.”  The trial court then confirmed that Appellant
was aware of his trial setting, which was February 6, 2006 at 9:00 a.m., and
released Appellant on bond.

            On
Monday, February 6, 2006, Appellant appeared before the trial court and
announced that he was not ready to proceed to trial.  He stated that he was “in the process of
retaining Kyle Beale” and that he had “just started” a job as a truck
driver.  After some discussion, the trial
court found that Appellant could afford to hire an attorney and that Appellant’s
efforts to retain counsel were “kind of late.” 


            After
allowing Appellant a portion of the morning to retain counsel, the trial court
then inquired again about Appellant’s efforts to do so.  Appellant stated that he had scheduled an
appointment to meet with attorney Kyle Beale on Sunday, February 5, 2006 (the
day before trial), to pay him his retainer. 
He stated that he had been delayed on his truck driving route and had
not actually gotten into town until 7:00 a.m. on the day of trial.  He also stated that he had spoken to several
lawyers during the morning and that none would agree to accept his case on such
short notice.  The trial court informed
Appellant that the case would proceed to trial, stating that Appellant should
have retained counsel during the time period between his arraignment and his
trial date.

            Before
trial commenced, Appellant made an unsworn oral request for a continuance to
retain counsel, which was denied by the trial court.  In response to Appellant’s request, the trial
court stated as follows:

 

All right, sir.  That’s why I gave you that delay from the day
this case was filed and arraigned and today. 
I have also found that you have the ability to get your own lawyer,
based on the evidence that’s been presented to me.  So, therefore, sir, the case will go to trial
today.

 

            Trial
commenced as promised, at which Appellant, out of necessity, acted as his own
counsel.  The jury found Appellant guilty
as charged.  Following a sentencing
hearing, the trial court assessed punishment at 360 days of confinement with a
$1,000.00 fine.  This appeal followed.

 

Denial of
the Continuance

            In
his sole issue, Appellant alleges that the trial court abused its discretion by
denying his motion for a continuance, thereby depriving him of his right to
counsel by forcing him to trial before he had the opportunity to retain
counsel.

Standard of Review

            The
United States Supreme Court has long recognized that an accused “should be
afforded a fair opportunity to secure counsel of his own choice.”  Ex parte Windham, 634 S.W.2d
718, 720 (Tex. Crim. App. 1982) (citing Powell v. Alabama, 287
U.S. 45, [53,] 53 S. Ct. 55, [58,] 77 L. Ed. 158 (1932)).  However the right to obtain counsel of one’s
own choice is neither unqualified nor absolute. 
Id. (citing United States v. Barrentine, 591
F.2d 1069, [1075] (5th Cir. 1979)).  Thus
that right must be balanced with a trial court’s need for prompt and efficient
administration of justice. Id.

            The
matter of continuance is traditionally within the discretion of the trial
court, and it is not every denial of a request for more time that violates due
process, even if the party is compelled to defend without counsel.  Id. (citing Ungar v.
Sarafite, 376 U.S. 575, [589,] 84 S. Ct. 841, [849,] 11 L. Ed. 2d 921
(1964)).  It must be remembered that the
public interest in the fair and orderly administration of justice may be
greater than a defendant’s right to have counsel of his choice.  Id. (citing United States
v. Kitchin, 592 F.2d 900 (5th Cir. 1979)).  “Contrariwise, a myopic insistence upon
expeditiousness in the face of a justifiable request for delay can render the
right to defend with counsel an empty formality.”  Id. (quoting Ungar,
376 U.S. at 589, 84 S. Ct. at 849). 
There are no mechanical tests for deciding when a denial of a continuance
is so arbitrary as to violate due process. Ungar, 376 U.S. at
589, 84 S. Ct. at 850; Windham, 634 S.W.2d at 720.  The answer must be found in the circumstances
present in every case, particularly in the reasons presented to the trial court
at the time the request is denied.  Id.


Discussion

            In
denying Appellant’s motion for continuance, the trial court found that
Appellant could have afforded to secure counsel in a timely manner.  Appellant does not challenge this finding.

            “[T]he
mere fact that the accused appears in court without counsel, and requests a
continuance until he can obtain an attorney of his choice, is insufficient,
without more, to require the motion for continuance to be automatically
granted.”  Neal v. State,
689 S.W.2d 420, 433 (Tex. Crim. App. 1984) (Teague, J., dissenting).  “[A]n accused . . . must use diligence [in
securing counsel,] and may not use a motion for continuance to prevent the
trial from occurring or justice from being administered.”  Id.  Where a financially capable defendant fails
to exercise ordinary diligence in arranging for counsel to represent him, he
waives his right to representation by counsel. See Stanfield v. State,
152 Tex. Crim. 324, 329-30, 212 S.W.2d 516, 519-20 (1948) (op. on reh’g)
(holding that, where the defendant had known of his trial date for
approximately one month in advance, his failure to arrange for counsel to
represent him was a failure to use ordinary diligence and constituted a waiver
of his right to representation by counsel[2]); see also Youngblood
v. State, 162 Tex. Crim. 227, 228-29, 283 S.W.2d 952, 953 (1955)
(holding that the trial court did not abuse its discretion by denying defendant’s
motion for continuance where defendant failed to act with diligence in
arranging for counsel to represent him). 
Therefore, we must determine if the record demonstrates that Appellant
exercised ordinary diligence in arranging for counsel to represent him. See id.

            Here,
the record shows that Appellant was aware of his trial date for at least
sixteen days in advance.  The record also
reflects that, on the day of his arraignment, Appellant declined the trial
court’s offer to appoint an attorney and, stated that he was in the process of
hiring one.  Further, the trial court
made an uncontested finding that Appellant could afford to hire counsel.  Finally, Appellant’s scheduled meeting to
hire an attorney was set for the last day before trial.  While Appellant may not have anticipated that
he would be delayed on his trucking run, under these facts, we must conclude
that Appellant failed to exercise ordinary diligence to obtain counsel.  Therefore, Appellant waived his right to
representation of counsel by this failure and the trial court did not abuse its
discretion by denying Appellant’s motion for a continuance.  See id.

            We
overrule Appellant’s sole issue.

 

Disposition

            We
affirm the judgment of the trial court.     

                                                                                                     JAMES
T. WORTHEN    

                                                                                                                 Chief Justice

Opinion
delivered June 20, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

(DO NOT PUBLISH)











[1] The record reflects that Appellant had come to
Tyler, Texas as an evacuee only days before the assault in question occurred.





[2]
In addition to clarifying and confirming this holding from its original
opinion, the court of criminal appeals also held on rehearing that, where the
defendant had advance knowledge of his trial date for “some time,” and yet
failed to secure counsel, the defendant had failed to exercise ordinary
diligence.  Id., 152 Tex.
Crim. at 329-30, 212 S.W2d at 519-20. 
The court also noted that Stanfield did not request that counsel be
appointed by the trial court and that there was no evidence in the record that
indicated Stanfield could not afford counsel. 
Id., 152 Tex. Crim. at 329, 212 S.W.2d at 519.