**AFFIRM; and Opinion Filed May 13, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**Nos. 05-09-01346-CR, 05-09-01347-CR, 05-09-01348-CR,**

**05-09-01349-CR, 05-09-01350-CR, 05-09-01351-CR,**

**05-09-01352-CR, 05-09-01353-CR, 05-09-01354-CR**

**RONALD ADOLPH MOORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F04-73145-TH, F07-00847-NH, F07-00848-NH, F07-00849-NH,**
**F07-00850-NH, F07-00851-NH, F07-00852-NH, F07-00853-NH, F07-00854-NH**

**MEMORANDUM OPINION**

Before Justices Bridges, O'Neill, and Murphy
Opinion by Justice Murphy

This is the second time Ronald Adolph Moore has asked this Court to address the issue in this case—the validity of the search warrant for his residence. In Moore's first appeal, we concluded sufficient evidence to establish probable cause supported the search warrant. *See State v. Moore*, No. 05-06-01295-CR, 2007 WL 4305374, at *5 (Tex. App.—Dallas, Dec. 11, 2007, pet. ref'd). Based on the "law of the case" doctrine, we affirm the trial court's judgments.

**BACKGROUND**

Moore was charged with possession of child pornography. *See* TEX. PENAL CODE ANN. § 43.26 (West Supp. 2012). He filed a pretrial motion to suppress, arguing the search warrant for his residence was unlawful. He specifically asserted the affidavit supporting the warrant failed

to establish probable cause because it failed to "allege sufficient underlying facts to demonstrate that there was a fair probability that contraband or evidence would be found at the location to be searched." *Moore*, 2007 WL 4305374, at *2. The trial court granted Moore's motion. *Id.* at *1.

The State filed an interlocutory appeal, which this Court addressed in *Moore. See id.* We reversed the trial court's order, concluding that "after reviewing *de novo* the facts set out in the four corners of the affidavit . . . the affidavit was sufficient to allow the magistrate to have independently determined probable cause without merely ratifying the bare conclusions of others." *Id.* at *5. We remanded the case to the trial court for further proceedings. *Id.*

After the case was remanded, Moore was charged in a total of nine separate indictments, one for each image of child pornography he possessed. Moore filed a motion to suppress in each case, which the trial court denied. Moore pleaded guilty in one case and nolo contendere in the other eight cases pursuant to a plea agreement. The trial court deferred adjudication of guilt and imposed ten years' community supervision. This appeal followed.

## DISCUSSION

Moore argues this Court's previous disposition regarding his motion to suppress was clearly erroneous because it was both inconsistent with and failed to consider precedence on identical issues; he also claims we relied on an opinion that was distinguishable. The State responds that Moore cannot challenge the issue of the validity of the search warrant in case number F04-73145-TH because our prior opinion upholding the validity of the search warrant is the "law of the case." It also argues Moore's challenge to the sufficiency of the warrant is barred in the remaining cases by issue preclusion.

The "law of the case" doctrine provides in its most basic form that an appellate court's resolution of a question of law in a previous appeal of the same case will govern the disposition of the same issue in a subsequent appeal. *Howlett v. State*, 994 S.W.2d 663, 666 (Tex. Crim.

–2–

App. 1999) (quoting *Ex parte Granger*, 850 S.W.2d 513, 523 (Tex. Crim. App. 1993)). The doctrine is a court-made prudential doctrine—not required by constitution or statute—designed to promote judicial consistency and efficiency. *Ex parte Granger*, 850 S.W.2d at 516. The doctrine assures trial courts they can rely on the appellate court's disposition of an issue and provides those courts incentive to follow the appellate decision closely. *Howlett*, 994 S.W.2d at 666.

The doctrine's application is not inflexible. *Howlett*, 994 S.W.2d at 666; *Ex parte Granger*, 850 S.W.2d at 516. An appellate court may reconsider its earlier disposition of a point of law if the court determines there are "exceptional" circumstances that mitigate against relying on the prior decision. *Howlett*, 994 S.W.2d at 666. Where the facts and issues are identical in a second appeal, the most common "exceptional" circumstance is that the earlier decision appears to have been "clearly erroneous." *Id.* Moore relies solely on the "clearly erroneous" exception as the basis for his second appeal of the same issue.

Moore recognizes this Court previously considered the same search warrant and affidavit in his assertion the previous disposition was clearly erroneous. We reached the following conclusion in our prior opinion:

> [T]he affidavit was sufficient to allow the magistrate to have independently determined probable cause without merely ratifying the bare conclusions of others . . . . More specifically, we hold that, considering the totality of the circumstances, the magistrate could have reasonably inferred from the facts set out in the affidavit the following: [Moore] . . . had internet access at his home; [Moore], using his name, set up a Yahoo account; pornographic images were uploaded to that account; and the pornographic images were uploaded from a computer located in [Moore's] home. We further hold, therefore, the magistrate could have reasonably concluded a probability existed that child pornography would be found at [Moore's] residence.

*Moore*, 2007 WL 4305374, at *5.

Moore raises the very same arguments in this appeal that he raised in his first appeal; arguments we rejected. *See generally Smithwick v. State*, No. 04-09-00570-CR, 2010 WL

4679821 (Tex. App.—San Antonio Nov. 17, 2010, pet. ref'd, untimely filed) (mem. op., not designated for publication) (concluding "law of the case" doctrine applies because appellant's argument in second appeal was essentially the same argument in first appeal, appellant does not assert any new facts, and he does not show holding in first appeal was clearly erroneous). His central argument focuses on the sufficiency of the affidavit supporting the warrant to give the magistrate enough facts to infer that contraband would be found in his home. *See Moore*, 2007 WL 4305374, at *4. We concluded the affidavit was sufficient. *See id.* at *5.

Moore's arguments regarding the underlying claim are also the same. For example, he asserts our previous conclusion the magistrate could have determined probable cause independently required abdication—not deference—to the magistrate. Similarly, he argued in the previous appeal that "this Court and the Trial Court should not defer [to the magistrate] to the point of abdication." *Id.* at 4. Moore also asserts "[t]he affiant never established the requisite nexus between his home and [the pornographic] images"; he argued in the first appeal the supporting affidavit must establish a nexus between the house to be searched and the evidence sought. *Id.* at *2. Although Moore raises no new arguments regarding the underlying sufficiency claim, he contends our previous decision was clearly erroneous. His analysis falls within two general categories.

First, Moore argues this Court relied on an opinion that was factually discrete and distinguishable from his circumstances. He specifically reasons that we relied almost exclusively on *Rodriguez v. State*, 232 S.W.3d 55 (Tex. Crim. App. 2007), to reverse the trial court's decision in the first appeal even though *Rodriguez* is "wholly distinguishable on a factual basis and the inferences made by the magistrate in *Rodriguez* are baby steps compared to the broad jumps made in the present cases." This is essentially the same argument Moore raised in his first appeal. *See Moore*, 2007 WL 4305374, at *4 (summarizing Moore's argument that

*Rodriguez* is factually distinguishable). Significantly, nowhere in our previous opinion did we make any factual comparison between *Rodriguez* and Moore's circumstances. Instead, we relied on *Rodriguez* for the legal standard that an affidavit must be sufficient to allow the magistrate to determine probable cause independently without merely ratifying the bare conclusions of others. *See id.* at *5; *Rodriguez*, 232 S.W.3d at 61. That standard is binding on this Court. *See McKinney v. State*, 177 S.W.3d 186, 192 (Tex. App.—Houston [1st Dist.] 2005) (intermediate appellate courts must follow binding precedent from the Texas Court of Criminal Appeals), *aff'd*, 207 S.W.3d 366 (Tex. Crim. App. 2006).

Second, Moore argues this Court did not "hold consistent or even consider precedence on identical issues." He cites other courts of appeals decisions and various federal district court cases as precedent for his argument a connection was missing between the conduct alleged in the affidavit and Moore. For example, Moore points to an Amarillo Court of Appeals decision, *Taylor v. State*, 54 S.W.3d 21 (Tex. App.—Amarillo 2001, no pet.), as a case demonstrating "[a] good example of what a responsible magistrate should require before signing a search warrant." He cites *State v. Duncan*, 72 S.W.3d 803 (Tex. App.—Fort Worth, 2002 pet. ref'd, untimely filed), a decision by the Fort Worth Court of Appeals, to argue that "[i]n cases where the affidavit is found to support the search of a home, the deciding factors are a personal connection between the screen name or the online account and the individual . . . ." He also references a First District Court of Appeals decision, *State v. Stone*, 137 S.W.3d 167 (Tex. App.—Houston [1st. Dist.] 2004, pet. ref'd), as an example where there was a sufficient connection and a reasonable inference by the magistrate to justify the issuance of a warrant.

As discussed above, we previously rejected the same arguments in Moore's first appeal. Even assuming Moore's cited cases were factually similar to Moore's circumstances, *Taylor*, *Duncan*, and *Stone* were decided by different intermediate courts of appeals. This Court is not

bound by decisions of other appellate courts. *See Shook v. State*, 244 S.W.2d 220, 221 (Tex. Crim. App. 1951) ("It is rudimentary that courts are not bound by the decisions of other courts of equal jurisdiction."). Similarly, this Court is not bound by lower federal court decisions. *Stewart v. State*, 686 S.W.2d 118, 121 (Tex. Crim. App. 1984); *Lopez v. State*, 860 S.W.2d 938, 943 (Tex. App.—San Antonio 1993, no pet.). Thus, not following those decisions cannot be "clearly erroneous."

## CONCLUSION

Moore has failed to demonstrate our previous decision was clearly erroneous, which is the only exception to the "law of the case" doctrine he raises on appeal. The general rule of the doctrine thus applies, and our prevision decision is dispositive of Moore's current appeal. The scope of the doctrine is broad enough to cover all nine of Moore's separate cases. *See Ware v. State*, 736 S.W.2d 700, 701 (Tex. Crim. App. 1987) (concluding the "law of the case" doctrine is not just applicable to subsequent appeals of the same case, but to cases where "the facts and legal issues . . . on appeal are virtually identical with those in a previous appeal."). We thus overrule Moore's sole issue and affirm the trial court's judgment.

/Mary Murphy/
_____
MARY MURPHY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

091346F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONALD ADOLPH MOORE, Appellant

No. 05-09-01346-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F04-73145-TH.
Opinion delivered by Justice Murphy.
Justices Bridges and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 13th day of May, 2013.


/Mary Murphy/

MARY MURPHY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONALD ADOLPH MOORE, Appellant

No. 05-09-01347-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F07-00847-NH.
Opinion delivered by Justice Murphy.
Justices Bridges and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of May, 2013.

/Mary Murphy/

MARY MURPHY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONALD ADOLPH MOORE, Appellant

No. 05-09-01348-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F07-00848-NH.
Opinion delivered by Justice Murphy.
Justices Bridges and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of May, 2013.

/Mary Murphy/

MARY MURPHY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONALD ADOLPH MOORE, Appellant

No. 05-09-01349-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F07-00849-NH.
Opinion delivered by Justice Murphy.
Justices Bridges and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of May, 2013.

/Mary Murphy/

MARY MURPHY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONALD ADOLPH MOORE, Appellant

No. 05-09-01350-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F07-00850-NH.
Opinion delivered by Justice Murphy.
Justices Bridges and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of May, 2013.

/Mary Murphy/

MARY MURPHY
JUSTICE

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONALD ADOLPH MOORE, Appellant

No. 05-09-01351-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas

Trial Court Cause No. F07-00851-NH.

Opinion delivered by Justice Murphy.

Justices Bridges and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of May, 2013.

/Mary Murphy/

MARY MURPHY

JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONALD ADOLPH MOORE, Appellant

No. 05-09-01352-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F07-00852-NH.
Opinion delivered by Justice Murphy.
Justices Bridges and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of May, 2013.

/Mary Murphy/

MARY MURPHY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONALD ADOLPH MOORE, Appellant

No. 05-09-01353-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas

Trial Court Cause No. F07-00853-NH.

Opinion delivered by Justice Murphy.

Justices Bridges and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 13th day of May, 2013.


/Mary Murphy/
MARY MURPHY
JUSTICE

–14–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONALD ADOLPH MOORE, Appellant

No. 05-09-01354-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F07-00854-NH.
Opinion delivered by Justice Murphy.
Justices Bridges and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 13th day of May, 2013.


/Mary Murphy/
MARY MURPHY
JUSTICE